397 So.2d 320 (1981)
Paul Daniel BROWN, William E. Rieder, Appellants,
v.
STATE of Florida, Appellee.
Nos. 79-1788, 79-1801, 79-1853 and 79-1884.
District Court of Appeal of Florida, Second District.
March 18, 1981.
Rehearing Denied April 23, 1981.
*322 Jack O. Johnson, Public Defender, Bartow, and Karal B. Rushing, Asst. Public Defender, St. Petersburg, for appellants.
Jim Smith, Atty. Gen., Tallahassee, and Michael J. Kotler, Asst. Atty. Gen., Tampa, for appellee.
HOBSON, Acting Chief Judge.
Appellants were convicted of robbing the Breeze-In-Market in Pinellas County. They also pled nolo contendere to the robbery of an adult bookstore in Pasco County. Each appellant has appealed both judgments and the four appeals have been consolidated for review. The cases raise eight points for our consideration; we deem that three require comment.
The Breeze-In-Market was robbed on September 22, 1978 at approximately 6:00 P.M. Two hours later, the bookstore was robbed. About an hour and a half after the bookstore robbery, a five-man lineup was conducted on U.S. Highway 19 where a red pickup truck matching the description of one involved in the bookstore robbery had been stopped. Mr. Cale, the bookstore clerk, was asked to identify the persons who had robbed him. Because it was dark, Cale could only identify the suspects by their build. An hour later, the same five men were presented to Cale at the police station. He positively identified three men involved in the robbery. Two of the three men identified were appellants. Subsequently, Cale made an in-court identification of appellants during the Breeze-In-Market trial. Appellants moved to suppress Cale's out-of-court as well as the in-court identification in both the market and bookstore cases. Appellants now argue that the denial of those motions constituted error.
Suppression of an out-of-court identification is mandated where the procedures, under the totality of the circumstances, are impermissibly suggestive. State v. Sepulvado, 362 So.2d 324 (Fla. 2d DCA 1978). The trial court concluded that the methods employed were not impermissibly suggestive and such finding comes to us with a presumption of correctness. Identification procedures, although suggestive, are not impermissibly so unless they indicate that the identification is unreliable. Baxter v. State, 355 So.2d 1234 (Fla. 2d DCA 1978).
In this case, the totality of the circumstances indicate that the witness had an excellent opportunity to view the suspects at the time of the robbery. Further, the length of time between the crime and the identification was less than three hours. In the absence of any other facts which would show the identification was unreliable, the trial court was correct in holding that the procedures were not impermissibly suggestive and in denying appellant's motions to suppress in the market case. Nevertheless, as we will discuss hereinafter, Cale's testimony was not admissible in the market case because it violated the rule in Williams v. State, 110 So.2d 654 (Fla. 1959).
In the subsequent bookstore robbery case, the court denied appellants' motions to suppress Cale's identification on the ground that the motions had previously been ruled on in the market case. Although we agree with appellants that the previous ruling in the market case was not res judicata, we nevertheless hold that the subsequent motions were properly denied on the theory of collateral estoppel. The difference between these principles is often misunderstood. Res judicata applies only to bar a second suit between the same parties based on the same cause of action. Gordon v. Gordon, 59 So.2d 40 (Fla. 1952). Collateral estoppel does not require the same cause of action. This theory is applicable where the parties are identical and the issues sought to be estopped have been fully litigated. Mobil Oil Corp. v. Shevin, 354 So.2d 372 (Fla. 1977).
Here, although the causes of action in the two prosecutions were not the same, *323 the parties were identical. Moreover, the issues presented in the motions to suppress in the bookstore case were identical to those previously litigated in the market case. Therefore, the court in the bookstore case properly relied upon the prior ruling in denying the motions to suppress.
Appellants further contend that the trial court in the market case committed reversible error in permitting testimony to be admitted concerning the bookstore case. Evidence regarding the bookstore robbery was admissible in the market trial if it were relevant to prove any material fact in issue, but not admissible if offered solely to prove appellants' propensity to steal. Williams v. State, 110 So.2d at 633. The issues of fact presented in the market case were 1) the essential elements of the robbery, and 2) identity.
Evidence of a collateral crime is sometimes admissible to prove identity. The rationale underlying its admission is that the modus operandi employed in the two crimes is so unusual that the jury can logically infer that the same person committed both crimes. This rationale is not supported, and evidence of a collateral crime is not admissible, when there is only a general similarity between the two crimes. Davis v. State, 376 So.2d 1198 (Fla. 2d DCA 1979). Therefore, we must review the modus operandi of the market and bookstore robberies to determine if they are sufficiently unusual to warrant the inference that they were committed by the same people.
The evidence adduced at the Breeze-In-Market trial revealed that two men initially entered the market and approached the check-out counter with two six-packs of beer. As the clerk rang up the sale, one of the men displayed a gun and demanded the employee put the money into a bag. While the clerk was complying with these instructions, one of the perpetrators asked the clerk if he had tripped an alarm. The clerk replied that he had not. A third man entered the store and went behind the counter, where he took change from the register and placed it in the bag with the other money. The employee was then ushered to the rear of the store and was assured that he would not be harmed. The three men left the market. The clerk later described one of the three men as having a dark complexion with piercing eyes, and another as being tall with reddish hair.
Mr. Cale, the bookstore clerk, testified in the market trial that three men entered the bookstore at approximately 8:00 P.M. After a customer left, the men approached the sales counter and the smaller of the three drew a gun. The gunman went behind the counter, opened the cash drawer and began taking money. One of the men asked the cashier if an alarm had been set off when the money was removed and the clerk explained that it had. One of the perpetrators told the man with the gun to shoot the clerk, another suggested they kidnap him and finally, one held open the door and told the clerk to run. The clerk described one of the men as being larger than the rest with a red beard and hair.
Clearly, the modus operandi in these two robberies were not unusual. Unfortunately, robberies committed in the above-described manner are an everyday occurrence in our society. The fact that appellants committed the bookstore robbery did not provide a basis for the jury to infer that they committed the Breeze-In-Market robbery. Therefore, the testimony concerning the crime committed at the bookstore and the subsequent apprehension of the suspects in that case should not have been allowed into evidence at the market trial to prove identity.
The State next asserts that evidence of the collateral crime was necessary to establish the entire context out of which the market robbery arose. In support of this contention the State directs our attention to Smith v. State, 365 So.2d 704 (Fla. 1978). That case, however, is distinguishable from the case at bar. In Smith v. State there was an unbroken chain of circumstances connecting the various criminal acts. In the instant case, the crimes were not interrelated but were merely isolated *324 robberies. Unlike the murder in Smith v. State, the bookstore robbery was not relevant to establish the criminal context surrounding the Breeze-In-Market robbery.
Finally, appellant Rieder urges that the trial court erred in sentencing him to a mandatory three-year sentence pursuant to section 775.087(2)(a), Florida Statutes. That statute provides that any person who is convicted of a robbery and who had in his possession a firearm shall be sentenced to a minimum three-year term of imprisonment. There was no evidence adduced that Rieder possessed a firearm in either of the robberies. The fact that appellant Brown possessed a firearm will not support a minimum three-year sentence under section 775.087 for Rieder. Brown v. State, 358 So.2d 92 (Fla. 4th DCA 1978).
Accordingly, each appellant's conviction and sentence for the robbery of the Breeze-In-Market is reversed and those cases are remanded for a new trial. Rieder's conviction for the robbery of the bookstore is affirmed, however, that case is remanded to allow the trial court to correct his sentence by eliminating the mandatory three-year sentence. Brown's conviction and sentence for the bookstore robbery is affirmed.
GRIMES and RYDER, JJ., concur.