PER CURIAM.
Robert Lee Watson timely appeals the denial of his motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800. Watson claims that although he received a three-year minimum mandatory sentence for firearm possession during an armed robbery, the code-fendant, and not Watson, had actual possession of the firearm. It is well settled that the minimum mandatory sentence cannot be imposed for vicarious possession of a firearm. See Earnest v. State, 351 So.2d 957 (Fla.1977); Brown v. State, 397 So.2d 320 (Fla. 2d DCA 1981). The trial judge summarily denied the motion, and failed to attach to his order portions of the record or file that refute Watson’s allegations.
*1035 Accordingly, we reverse the trial court’s denial of Watson’s motion and remand the case to the trial court. On remand, unless the files and records of the case conclusively show that Watson is entitled to no relief, the court shall order the state attorney to file an answer within a time certain. After receipt of the answer, the court shall determine whether an evidentiary hearing is required. If the court should again deny Watson’s motion, he has thirty days in which to appeal.
Reversed and remanded.
RYDER, A.C.J., and THREADGILL and PARKER, JJ., concur.