545 So.2d 343 (1989)
Anthony Robert MILLER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-01459.
District Court of Appeal of Florida, Second District.
May 19, 1989.
Rehearing Denied June 29, 1989.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Anthony Miller, Jr. and his father, Anthony Miller, Sr., were tried together and convicted of two counts of armed robbery and two counts of armed kidnapping. Miller, Jr. appeals his convictions and sentences. His father's convictions are the subject of a related appeal.
Miller and his father allegedly robbed an Amoco service station in Sarasota and forced the two attendants into a bathroom, threatening to kill them if they emerged. One of the attendants, Nannie Welch, identified Anthony Miller, Sr. as the robber who held a butcher knife at the throat of the other attendant, her husband Luther Welch. Nannie and Luther were unable to identify the second robber. However, they both testified that during the commission of the crime, Miller, Sr. said, "Hurry up, Anthony." This statement was the only direct link between Anthony Miller, Jr. and the Amoco robbery.
Alleging that this statement was inadmissible against him, Miller, Jr. moved to sever his trial from that of his father. Under these circumstances the trial court was required to follow set procedures in determining whether to sever. Florida Rule of Criminal Procedure 3.152(b)(2) provides:
If a defendant moves for a severance of defendants on the ground that an oral or written statement of a co-defendant makes reference to him but is not admissible *344 against him, the court shall determine whether the State will offer evidence of the statement at the trial. If the State intends to offer the statement in evidence, the court shall order the State to submit its evidence of such statement for consideration by the court and counsel for defendants and if the court determines that such statement is not admissible against the moving defendant, it shall require the State to elect one of the following courses:
(i) a joint trial at which evidence of the statement will not be admitted;
(ii) a joint trial at which evidence of the statement will be admitted after all references to the moving defendant have been deleted, provided the court determines that admission of such evidence with deletions will not prejudice the moving defendant; or
(iii) severance of the moving defendant.
In a hearing on Miller's motion to sever, the trial court determined that the state intended to offer his father's statement against him but denied the motion to sever. The court could not have done so without finding the statement admissible against him. We have been unable to determine a basis for this finding.
Appellee argues that the statement was admissible against Miller, Jr. under section 90.803(18)(e), Florida Statutes (1987), the coconspirator exception to the prohibition against hearsay. This section requires that the conspiracy itself and each member's participation in it must be established by independent evidence before coconspirator statements may be admitted. The record before us reveals no independent evidence of a conspiracy or of Miller, Jr.'s participation in it. The state failed to make the required showing for admissibility under this section, and we can discern no other hearsay exception under which this statement could have been admitted.
This error resulted in a violation of Miller's right to confront the witnesses against him because his father did not testify and could not be cross-examined upon this point. As the appellant pointed out, Miller, Sr. could have been referring to another Anthony. We therefore reverse and remand for a new trial.
While our disposition of this issue renders discussion of the appellant's remaining points unnecessary, we will address one problem that otherwise could occur in the new trial. Miller, Jr. was identified in a lineup by the victim of a previous robbery, and this identification was admitted in this trial as similar fact evidence under Williams v. State, 110 So.2d 654 (Fla. 1959). However, the trial judge in the earlier case had suppressed the identification.
The trial court in this case was bound by the previous ruling. In Brown v. State, 397 So.2d 320 (Fla. 2d DCA 1981), we addressed this situation in reverse. There, the trial judge in the first case refused to suppress a lineup identification. In a later trial on another crime, the defendant sought to suppress the identification. The trial judge in the second case properly found that collateral estoppel prevented relitigation of the admissibility of the identification. As in Brown, collateral estoppel prevents relitigation of the admissibility of the Miller identification.
Reversed and remanded for a new trial.
SCHEB, A.C.J., and PARKER, J., concur.