581 So.2d 220 (1991)
Mike JOHNSON, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 89-00032.
District Court of Appeal of Florida, Second District.
June 7, 1991.
*221 Gary R. Gossett, Jr., of McCollum & Gossett, P.A., Sebring, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
PATTERSON, Judge.
Mike Johnson, Jr. (Mike) appeals from convictions of attempted trafficking in cocaine and conspiracy to traffic in 400 grams or more of cocaine. Because we determine that the trial court erred in denying Mike's motion for judgment of acquittal, we limit our discussion to that point on appeal.
Mike was arrested together with his brother, Joe Johnson (Joe), and M.L. Brumfield in a reverse sting operation conducted by the Polk County Sheriff's Department. In addition to the crime lab technician, the prosecution's case consisted of the testimony of five witnesses.
Leroy Ellis, a paid informant, testified that he offered to arrange a sale of cocaine to Joe. He telephoned his contact in the sheriff's department, who in turn arranged to have undercover officers and the cocaine in a designated motel room in Bartow. Ellis then drove with Joe from Arcadia to Bartow and introduced him to the purported drug sellers. He observed Joe leave the motel room, go to a pickup truck (not the vehicle they had arrived in) in the parking lot, and return, accompanied by Brumfield, with a paper bag containing money. Ellis had no knowledge of Mike.
Steve Hammerburg, an undercover officer, testified that he had possession of one and one-half kilograms of cocaine in his car in the motel parking lot. Upon a prearranged signal, he delivered the cocaine to the designated motel room. Hammerburg had no knowledge of Mike.
Lieutenant James Madden testified that he was in charge of the operation and was present in the motel room. He negotiated the sale with Joe, accepted $16,000 from Joe, and delivered the cocaine to him. As Joe left the room, other officers, who did not testify, arrested Joe and Brumfield. The entire transaction was tape recorded and the tape was played to the jury. There is no reference to Mike on the tape and Madden had no knowledge of him. Madden further testified that an additional $28,260 in cash was recovered from the pickup truck in the parking lot.
Richard Land, special agent, testified that his assignment was to remain in his car in the parking lot and "take down" (arrest) anyone in the parking lot when the primary arrests occurred. He observed Mike get out of the pickup truck and arrested him. Land had not previously observed Mike and had no other knowledge of him.
Sergeant Gary Hester testified that he was Ellis' contact. He arranged Madden's meeting with Joe and Ellis and headed the arrest team of the operation. He had no knowledge of Mike prior to the arrests. He later conducted taped interviews of all three defendants.
Of these three taped interviews, only the statement of Brumfield, over Mike's counsel's objections, was played to the jury. The playing of the tape was not transcribed by the court reporter and the written transcript of the statement which was admitted into evidence is not part of the record before *222 us. If we were to assume that Brumfield's hearsay statement in someway implicated Mike in the transaction, it would nonetheless be inadmissible as to him, because the conditions precedent of the coconspirator exception to the hearsay rule had not been met. See Miller v. State, 545 So.2d 343 (Fla. 2d DCA 1989); § 90.803(18)(e), Fla. Stat. (1987).
The only evidence the state offered as to Mike is that Agent Land saw Mike exiting the pickup truck and arrested him. The mere presence of a person at a scene of a crime is insufficient to establish the requisite knowledge and intent to participate in the commission of the offense. Gueits v. State, 566 So.2d 829 (Fla. 4th DCA 1990); Fox v. State, 469 So.2d 800 (Fla. 1st DCA), rev. denied, 480 So.2d 1296 (Fla. 1985); Chaudoin v. State, 362 So.2d 398 (Fla. 2d DCA 1978). It was error to deny the motion for acquittal.
Reversed and remanded with directions to discharge the defendant.
RYDER, A.C.J., and CAMPBELL, J., concur.