FRANK, Chief Judge.
M.M., a juvenile, was adjudicated delinquent for his alleged participation in the commission of a petit theft. He contends that the state failed factually to overcome his claim of innocence. We agree and reverse.
M.M. and three of his friends had been cruising through neighborhoods smashing roadside mailboxes late one night when Chris Drake, the driver of the truck carrying the boys, pulled up outside the home of Paul and Sandra Trusdell. Drake immediately jumped out, ran across the Trusdells’ property and snatched a handmade American flag displayed in the Trusdells’ front yard. Following Drake was Michael Shaw, who leaped from the bed of the truck and started kicking the Trusdells’ mailbox. M.M. and a fourth boy, Michael Earl, remained inside the truck. Mr. and Mrs. Trusdell witnessed the events from inside their home. Mrs. Trusdell, watching from her bedroom window, spotted one boy in her yard, another at the mailbox, and two boys sitting in the truck “[wjhooping and hollering” as if to encourage the vandalism. After Drake and Shaw scurried back to the truck and sped away, Mr. Trusdell gave chase. The boys were apprehended by law enforcement at a nearby McDonald’s shortly thereafter. According to Mr. Trusdell, who personally accosted the boys at the restaurant, each one allegedly admitted participating in the crime spree:
[Mr. Trusdell]: The statements] of all the individuals were almost identical — that they had been out for the evening, that they had been driving around the neighborhood, that they were driving around prior to coming to our residence, that they had smacked one of the mailboxes and would not identify the location of that mail *1270 box, that the vehicle stopped and one of them wanted our flag and they stopped and he got out.
M.M. was charged with petit theft and criminal mischief. The criminal mischief charge was not prosecuted, but M.M. was convicted of petit theft.
To prove M.M.’s involvement in the petit theft, the state relied upon the testimony of Mr. Trusdell. He stated that each boy, including M.M., admitted his wrongdoing, and confirmed Mrs. Trusdell’s claim that she observed M.M. exhorting the actual perpetrators from inside the truck. Mrs. Trusdell, however, conceded she could not hear what M.M. was shouting when Drake stole the flag. She acknowledged that neither M.M. nor Earl exited the truck. All four boys involved, moreover, testified that the decision to steal the flag had been Drake’s alone; Drake himself corroborated that fact, testifying that none of the others had known his intentions before he jumped out of the truck. Mere presence at the scene of a crime does not establish one’s intent to participate in it. See, e.g., A.B.G. v. State, 586 So.2d 445 (Fla. 1st DCA 1991), cause dismissed, 605 So.2d 1261 (Fla.1992); Johnson v. State, 581 So.2d 220 (Fla. 2d DCA 1991); Gueits v. State, 566 So.2d 829 (Fla. 4th DCA 1990). After careful review of this matter we cannot conclude that the state’s evidence excluded the reasonable inference that Drake’s acts were spontaneous and unannounced, and that only after Drake emerged from the front yard carrying the stolen flag did M.M. become aware of his companion’s real purpose. Because the evidence relied upon to prove M.M.’s intent to participate in the petit theft is insufficient, we cannot sustain the adjudication of guilt.
Accordingly, we reverse and vacate M.M.’s conviction.
RYDER and PARKER, JJ., concur.