692 So.2d 210 (1997)
Donald CHAMBERS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1660.
District Court of Appeal of Florida, Fifth District.
March 21, 1997.
Rehearing Denied April 22, 1997.
James B. Gibson, Public Defender, and Andrea J. Surette, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
*211 GOSHORN, Judge.
Donald Chambers appeals his conviction on Count I, armed burglary of a dwelling with an assault or battery,[1] Count II, aggravated assault,[2] and Count III, robbery with a firearm.[3] Chambers argues that the trial court erred by allowing in Williams rule[4] evidence concerning another offense and by sentencing him in excess of the statutory maximum on Count II.
Chambers was connected to several hotel robberies in the Kissimmee area. As to the offenses charged, evidence was presented that two men, one wearing a ski mask, entered the Ramada hotel room of Tim Weiss and his family after first inquiring whether a man named Jay was inside. The first man pulled out a gun and struggled with Weiss. The masked man hit Weiss in the head. Weiss's wife ran into the adjoining room occupied by Weiss's mother and one son. She slammed the door and locked it. The masked intruder hit the door with open hands, apparently trying to get into that room. Being unsuccessful in that attempt, the intruders took money and belongings from Weiss's room and, before leaving, ordered Weiss and his remaining son into the bathroom.
Although Weiss was unable to identify Chambers as one of the intruders, police officers were able to lift a palm print from the interior door between the adjoining rooms. The palm print was positively identified as Chambers'.
Over objection, the State introduced similar fact evidence of a later robbery involving Chambers under the assertion that it was relevant to establishing identity. Charles Florea testified that he, his wife, and their two daughters were in their room at the Knights Inn. He was just getting ready to go to the car to bring up more luggage when two men pushed him into the room and told the family it was being robbed. These men held a gun on the family, took their belongings and ordered them into the bathroom, threatening to shoot them if they did not comply. After the men left, Florea followed them to the parking lot and was able to identify the getaway car and memorize part of the license number. By happenstance, a tactical unit set up to respond to hotel robberies was in the area. The officers followed the getaway car and eventually stopped it. Chambers was in the car, but eluded arrest by running. Florea identified Chambers as one of the intruders.
The Weiss jury found Chambers guilty as charged. At sentencing, the trial court found that Chambers was a habitual violent felony offender and sentenced him to 22 years' incarceration on each count to run concurrently, with a three-year minimum mandatory term on the robbery conviction.
For Williams rule evidence to be admissible, "[t]here must be identifiable points of similarity which pervade the compared factual situations. Given sufficient similarity, in order for the similar facts to be relevant, the points of similarity must have some special character or be so unusual as to point to the defendant." Peek v. State, 488 So.2d 52, 55 (Fla.1986) (quoting Drake v. State, 400 So.2d 1217, 1219 (Fla.1981)). Chambers asserts, and we agree, that the similarities between the Weiss incident and the Florea incident are not so sufficiently unique as to support the admission of the collateral crime testimony.
The two offenses occurred over five months apart and at two different hotels. In one, the men gained entry by asking for "Jay," while in the other they pushed an exiting victim back into the room. Weiss did not recall being verbally threatened, while Florea testified that his family was threatened with being shot. There were two guns involved in the Weiss robbery and only one gun in the Florea robbery. A mask was worn by one man in Weiss's room, but no masks were involved in the Florea incident. While it's true that both robberies occurred in hotels on the same street shortly after the *212 victims had checked into those rooms, that a silver-colored revolver was used in both cases, that the victims were ordered into the bathroom, and that valuables were taken from both sets of victims, these facts are simply not unique. There is nothing unusual about the manner in which either of the offenses was committed, let alone a "signature" feature.
Having concluded that the collateral crime evidence should not have been admitted, we must now address whether its admission requires reversal. Where the proof of guilt is clear and convincing, such that the defendant would have been convicted even without the erroneously admitted evidence, the error in admitting it is harmless. Wilson v. State, 490 So.2d 1062, 1064 (Fla. 5th DCA 1986) (citing Bricker v. State, 462 So.2d 556 (Fla. 3d DCA 1985); Clark v. State, 378 So.2d 1315 (Fla. 3d DCA 1980)). This case meets that test. Weiss saw one of the intruders hit the interior door between the adjoining rooms with an open hand. The palm print taken from that location was identified as Chambers' palm print. The record fails to reveal any basis for how the palm print came to be on the door, other than the conclusion that Chambers committed these crimes. This is particularly true given Chambers' alibi that he was not in Florida when the crime occurred. In light of Weiss's testimony that a masked black man struck the door with his open hands, the palm print was sufficient evidence to convict Chambers.[5]
We agree with Chambers, though, that his sentence on Count II must be corrected on remand. Under the habitual violent felony offender statute, section 775.084(4)(b)3, Florida Statutes (1995), a third-degree felony is punishable by a maximum of ten years' imprisonment. Accordingly, we affirm the convictions and remand for correction of the sentence imposed on Count II.
CONVICTIONS AFFIRMED; REMANDED FOR CORRECTION OF SENTENCE.
W. SHARP, J., concurs.
DAUKSCH, J., concurs specially, with opinion.
DAUKSCH, Judge, concurring specially.
In my opinion the trial court properly admitted into evidence the Williams rule testimony.
NOTES
[1] § 810.02(2)(a), Fla.Stat.(1995).
[2] § 784.021(1)(a), Fla.Stat.(1995).
[3] § 812.13(2)(a), Fla.Stat.(1995).
[4] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).
[5] Chambers cites Wilson for the proposition that the improper admission of collateral crime evidence cannot be harmless error where the defendant's identification otherwise rests solely on the victim's testimony. While certainly we agree with this proposition, the proposition is inapplicable here. In Wilson, this court pointed out that eyewitness identification is subject to a credibility determination by the jury and, if rejected, would leave the verdict to rest solely on the improperly admitted collateral crime evidence. In the instant case, however, scientific evidence linked Chambers to the offense. Even in the absence of the collateral crimes evidence, sufficient competent evidence existed to support Chambers' conviction.