723 So.2d 855 (1998)
Timothy Maurice EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2523.
District Court of Appeal of Florida, Fourth District.
November 25, 1998.
*856 Lawrence Duffy of Nicoletti Duffy Poncy & Edwards, P.A., West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STONE, C.J.
We affirm Appellant's conviction and sentence for robbery with a weapon. The trial court did not err or abuse its discretion in admitting evidence of a collateral crime involving similar facts.
The record reflects that the seventy-two-year-old victim was entering her car in a medical center parking lot in mid-afternoon. As she began to close the door, a man grabbed her arm. He placed a very sharp object, either a screwdriver or a knife, at her throat and said, "I am going to kill you." He knelt between the door and the driver's seat where she sat. The assailant was a young black male in his early twenties, between 5'8" and 5'9" tall, with "bulgy" eyes, and large, protruded ears. He was very excited. The assailant ripped off her jewelry, taking her ring and bracelet, and continuously threatened her, stating "Fucking bitch, I am going to kill you." As he reached for her purse, he made a small cut on her neck. He then ran away.
One and one-half weeks later, around 7:45 a.m., a fifty-eight-year-old woman arrived at the same medical center for a doctor's appointment. As she opened the door of her car, a young black male in his early twenties, between 5'6" and 5'8" tall, with big, frightening eyes, ran up to her. He stood at the driver's door, pinning her so that she could not get out of the car, and placed a long, steel knife at her throat. His face was about a foot away from hers. He screamed at her to give him everything or he would "stick her" and began to remove her jewelry. The assailant ordered her to take off her diamond earrings, and she complied. He continued swearing and stating, "Move fast bitch, I will stick this in you." He then pushed her, grabbed her purse, and ran. Both victims identified Appellant as the assailant. The trial court denied Appellant's motion to exclude the similar fact evidence.
Appellant argues that the dissimilarities between these two crimes renders the collateral crime evidence inadmissible. Similar fact evidence is admissible as long as it is relevant to a material fact in issue and is not admitted solely to show bad character or criminal propensity. § 90.404(2)(a), Fla.Stat. (1997); Williams v. State, 110 So.2d 654 (Fla. 1959). Generally, in order for the similar facts to be relevant, the points of similarity must be comparable and have some special character as to point to the defendant. See Gore v. State, 599 So.2d 978, 983 (Fla.1992); Buenoano v. State, 527 So.2d 194 (Fla.1988).
Here, both robberies took place during the daytime, less than two weeks apart in the same parking lot. Further, in both; (1) the assailant was a young black male with noteworthy eyes; (2) the assailant robbed the victims while they were just entering or leaving their automobiles; (3) he held a sharp object to their throats and verbally swore at them, referring to them as "bitch;" (4) he took their purses and removed and stole their jewelry; (5) the victims were older women; and (6) the victims were alone.
These common points, when considered in conjunction with each other, establish a sufficiently unique pattern of criminal activity. See Gore, 599 So.2d at 984. Although there are also some dissimilarities of mere happenstance, these do not render the evidence inadmissible. See Chandler v. State, 702 So.2d 186, 194 (Fla.1997), cert. denied, ___ U.S. ____, 118 S.Ct. 1535, 140 L.Ed.2d 685 (1998); Black v. State, 630 So.2d 609, 617-18 (Fla. 1st DCA 1993).
Therefore, given the absence of substantial dissimilarities and the presence of sufficient similarities, the trial court did not err in admitting the collateral crime evidence in this case.
As to the identification issues raised, we also affirm.
WARNER and GROSS, JJ., concur.