PER CURIAM.
Appellant Anthony Valentino was convicted after a jury trial of robbery with a deadly weapon, contrary to section 812.13(2)(a), Florida Statutes (1999). He was sentenced as a habitual felony offender (§ 775.084(l)(a), (3)(a), (4)(a), Fla. Stat. (1999)), violent career criminal (§ 775.084(l)(d), (3)(d), (4)(d), Fla. Stat. (1999)), and prison releasee reoffender (§ 775.082(9), Fla. Stat. (1999)) to life in prison, with credit for 396 days served.
In State v. Thompson, 750 So.2d 643, 649 (Fla.1999), the supreme court held Chapter 95-182, Laws of Florida, the violent career criminal sentencing statute, to be unconstitutional “as violative of the single subject rule contained in article III, section 6 of the Florida Constitution.”
This court has held that only those persons who committed their criminal offenses on or after October 1, 1995 and before October 1, 1996 have standing to challenge Chapter 95-182 on single subject rule grounds. See, e.g., Watson v. State, 25 Fla. L. Weekly D217 (Fla. 4th DCA Jan.19, 2000). According to the second district, the window period for bringing a single subject rule challenge closed on May 24, 1997. See id. The robbery in this case occurred on December 5, 1997. Under either window, Valentino does not have standing to raise the single subject rule challenge to the statute.
We reject appellant’s challenges to the prison releasee reoffender act. See Rollinson v. State, 743 So.2d 585 (Fla. 4th DCA 1999).
We reverse appellant’s sentences imposed under the habitual felony offender act and the prison releasee reoffender act and remand for resentencing under only the prison releasee reoffender act. See Bohler v. State, No. 4D99-2071, — So,2d -, 2000 WL 369019 (Fla. 4th DCA April *125 12, 2000); Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999).
DELL, POLEN and GROSS, JJ., concur.