PER CURIAM.
We sua sponte consolidate these cases and affirm the conviction for robbery with a firearm in case number 4D99-3418 and for robbery with a firearm in case number 4D99-3267.
There was no error in the admission of collateral crime evidence on the issue of identity. See Evans v. State, 723 So.2d 855 (Fla. 4th DCA 1998); Black v. State, 630 So.2d 609 (Fla. 1st DCA 1993). As in Evans and Black, there are numerous similarities between the collateral crimes admitted and the crimes for which Corinthian was on trial. The similarities include: (1) all three robbery victims were staying alone at the Budget Inn at 2731 North Federal Highway; (2) all three victims’ room doors were ajar; (3) all three robberies were committed by a black male about 6’1 — 6’3, 220-240 pounds; (4) the intruder in all three robberies wielded a silver-chrome revolver; (5) all three victims were threatened and forced to lie on the floor by their bed; (6) all three victims were forced into the bathroom prior to the gunman’s getaway; (7) all three robberies were brief, in the range of 5-10 minutes; and (8) all three robberies occurred within a seven-day time period. All three victims also subsequently identified Corinthian as the man who robbed them. See Dix v. State, 485 So.2d 38, 39 (Fla. 2d DCA 1986) (stating that where one victim identifies defendant, “further identification of similarities in the circumstances of the robberies themselves” is required for admissible Williams Rule evidence) (citations omitted). The dissimilarities between the crimes were insignificant, “not of such magnitude as to overshadow the fairly well-established similarities.” Black, 630 So.2d at 617; see Chandler v. State, 702 So.2d 186, 194 n. 6 (Fla.1997).
Three cases cited by Corinthian—Chambers v. State, 692 So.2d 210 (Fla. 5th DCA 1997); Williams v. State, 662 So.2d 419 (Fla. 3d DCA 1995); and Brown v. State, 397 So.2d 320 (Fla. 2d DCA 1981)—are distinguishable. In Chambers, the two *1181 robberies occurred over five months apart and at two different hotels, the robbers used different methods of entry into the rooms, only one victim was threatened, and different numbers of guns were used in the two crimes. See 692 So.2d at 211—12. In Williams, while the time, date, location, and offense were “somewhat similar,” a police officer testified that the “smash-and-grab” robberies were “common” and the robber fled from the scene on bike in one robbery and on foot in the other. See 662 So.2d at 420. In Brown, the robberies occurred at two different locations and had “only a general similarity” to each other. See 397 So.2d at 323.
We reverse Corinthian’s sentences as both a prison releasee reoffender and an habitual felony offender and remand for resentencing under only the Prison Re-leasee Reoffender Act. See Valentino v. State, No. 4D99-0968, — So.2d -, 2000 WL 526028 (Fla. 4th DCA May 3, 2000); Adams v. State, 750 So.2d 659 (Fla. 4th DCA 1999).
Affirmed in part; reversed in part, and remanded.
FARMER, GROSS and TAYLOR, JJ., concur.