POLEN, J.
 

 Appellant, Dennis Bryan, appeals the order of the trial court denying his motion to suppress evidence and the subsequent judgment of conviction against him. We find that the trial court erred in its denial of Bryan’s motion to suppress evidence which was seized during a warrantless search of his home.
 

 An anonymous tip was called into the police department and officers were dispatched to 15 Redwood Circle in Plantation, Florida. Officers were told that there were three black males in front of the home by a white sports utility vehicle (“SUV”), with possible narcotics on the hood, and that one of them had a handgun. When the first officer, Officer Tofexis, arrived, there were people in front of the house and children riding their bikes, but there was nobody matching the description from the tip. Only a white SUV parked outside coincided with the dispatcher’s information.
 

 
 *1245
 
 Officer Tofexis waited for additional police units to search the premises because three individuals, one with a handgun, were the subjects of the call. The officers first ensured no one was inside the vehicle and then began to search the perimeter of the house. When Officer Tofexis and an assisting unit, Officer Bickham, neared the gate to the house, Officer Tofexis thought she heard voices coming from the backyard. Officers Tofexis, Bickham, and additional officers Radziwon and Miller approached the back of the house to see if anyone was there and possibly armed. The officers were primarily concerned with the safety of those on the street, so, without obtaining a warrant, they entered through the gate. When the officers reached the back door, they looked through a broken window to see if anyone was in the home and they noticed a green, leafy substance that appeared to be marijuana and the strong odor of marijuana coming from the house.
 

 The officers returned to the front of the house and saw a black male, Omar Maxwell, inside. Maxwell exited the house upon Officer Radziwon’s request, leaving the front door open. Officer Tofexis could see marijuana in the kitchen through the open front door, but no additional suspects were visible in the home. After Maxwell was searched for weapons and detained, appellant, Dennis Bryan, walked up to his house. Out of concern for the safety of the officers and those in the street, a protective sweep was performed to see if a third suspect was in the house with the reported weapon. Officer Radziwon admitted at trial that the sweep was done solely based on the anonymous tip that came into the police department and that no efforts were made to corroborate the tip.
 

 The trial court supported the officers’ entry into Bryan’s backyard to conduct a “limited search” pursuant to the tip. It was concluded that the tip was corroborated when the vehicle was spotted outside the house and again when drugs were seen inside the house through a window while officers were in the backyard. Once the officers spotted Maxwell inside the home and recognized he was a black male, in further corroboration of the tip, the court determined a protective sweep was appropriate.
 

 The trial court denied Bryan’s motion to suppress the evidence found in his home and allowed Bryan to reserve the right to appeal. Bryan pled no contest and the court stayed his sentence, pending the outcome of the appeal. This appeal followed.
 

 “[T]he standard of review applicable to a motion to suppress evidence requires that this Court defer to the trial court’s factual findings but review legal conclusions de novo.”
 
 State v. Goodwin,
 
 36 So.3d 925, 926 (Fla. 4th DCA 2010);
 
 State v. Abbey,
 
 28 So.3d 208, 210 (Fla. 4th DCA 2010).
 

 Warrantless searches are per se unreasonable and subject to only a few exceptions. Bryan relied on
 
 Coolidge v. New Hampshire
 
 to support his position that there must be an exigent circumstance that made a warrantless search “imperative.” 403 U.S. 443, 455, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Exigent circumstances have been defined as “ ‘the sort of emergency or dangerous situation ... that would justify a warrantless entry into a home for the purpose of either arrest or search.’”
 
 Riggs v. State,
 
 918 So.2d 274, 278 (Fla.2005). To rise to this level, the emergency must be so that it “‘makes a warrantless search imperative to the safety of the police and of the community.’ ”
 
 Id.
 
 Safety is threatened when a need exists “ ‘to protect life and to prevent serious bodily injury.’ ”
 
 Id.
 
 at 279.
 

 
 *1246
 
 Backyard Entry
 

 This court has noted that any area within the curtilage of the home deserves the same protection as the home itself.
 
 Fla. Dep’t of Agric. & Consumer Servs. v. Haire,
 
 836 So.2d 1040, 1057 (Fla. 4th DCA 2003). “Curtilage can include the backyard of a residence.”
 
 Id.
 
 As stated above, warrantless searches are per se unreasonable if there is no applicable exception, but police need have only a reasonable belief that exigency exists to conduct a warrantless, narrow search.
 
 See Mincey v. Arizona,
 
 437 U.S. 385, 392, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978);
 
 Warden v. Hayden,
 
 387 U.S. 294, 299, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).
 

 In
 
 Regalado v. State,
 
 25 So.3d 600, 606-07 (Fla. 4th DCA 2009), the officer actually saw a gun, yet it was deemed improper for the officer to take action because the mere observation of a gun was not an indication that a crime had been or was going to be committed. This court explained that an anonymous tip without any signs of past, present, or future criminal activity cannot give rise to a constitutional stop or search.
 

 Despite the obvious
 
 potential danger
 
 to officers and the public by a person in possession of a concealed gun in a crowd, this is not illegal in Florida unless the person does not have a concealed weapons permit, a fact that an officer cannot glean by mere observation. Based upon our understanding of both Florida and United States Supreme Court precedent,
 
 stopping a person solely on the ground that the individual possesses a gun violates the Fourth Amendment.
 
 In this case, neither the anonymous tip nor the officer’s observations revealed any suspicion of past, present, or future criminal activity. Therefore, there was no authority for the officer to pull his gun and order the defendant to the ground.
 

 Id.
 
 (emphasis added; footnote omitted).
 

 Here, officers entered the curtilage of the home to investigate acting solely on an anonymous tip, only corroborated the tip to the extent that a white SUV was in front of the home, and had no indication from viewing the scene that a crime had been, was being, or would be committed. The officers were concerned that a gun and drugs were seen on the hood of the SUV, and there were children playing in the neighborhood, but when the officers arrived at the scene there did not appear to be anyone in sight that may have a gun. The circumstances did not present a situation of exigent circumstances justifying intrusion into the curtilage of the house despite the fact that the SUV was parked in front. Because a warrantless search is unlawful when no exception applies and because the State did not prove through testimony or evidence that some reasonable belief of exigency existed, a warrant should have been obtained before police entry into Bryan’s backyard.
 

 As such, the entry into Bryan’s backyard was improper and any evidence obtained as a result of that entry should have been suppressed at trial. That would include the observation of drugs in the house, which led to the sweep of the home.
 

 Decisions regarding law enforcement are always difficult. Police officers have extraordinarily tough jobs and we cannot ask officers to take unreasonable risks while performing their duties. However, in this case, a warrantless search was unjustified. It would have been proper for the officers to make contact with any suspects encountered in public areas or approached as a lawful citizen encounter and obtain a warrant before conducting a
 
 *1247
 
 search of the home.
 
 [1]
 
 But that did not happen. Thus, it is this court’s decision to reverse the trial court’s denial of Bryan’s motion to suppress.
 

 Reversed.
 

 WARNER and CONNER, JJ„ concur.
 

 [1]
 

 . As we noted earlier, mere possession of a gun is not illegal in Florida. If the officers in this case would have remained on the scene while awaiting the issuance of a warrant and other factors gave the officers reasonable suspicion that criminal conduct was imminent, such might have been enough to create exigent circumstances, thus justifying a warrant-less search. However, that did not occur here.