POLEN, J.
 

 Appellant, Pharaoh Nshaka, appeals the trial court’s final order imposing judgment of convictions of burglary and robbery and a sentence of thirty years in prison as a habitual felony offender. Nshaka raises issues on appeal as to the introduction of evidence of similar crimes and the trial court’s denial of his motion to suppress evidence. We agree with Nshaka that the trial court erroneously allowed evidence to
 
 *176
 
 be admitted when the similarities of the evidence to his case were far outweighed by the differences. We disagree with Nshaka’s assertion that the trial court erred when it denied his motion to suppress evidence because Nshaka exercised dominion and control over the searched premises, appearing to have common authority to give consent. However, in light of our holding that the trial court erred in allowing certain evidence to be introduced, we remand for retrial.
 

 The victim of the case on appeal was assaulted and robbed outside of Calvary Kid’s Preschool on Stirling Road near Hollywood, Florida. After the victim was pushed to the ground, the assailant, allegedly Nshaka, broke the passenger window on the victim’s Plymouth Voyager and took her purse and a television with a DVD player. Within twenty minutes of the incident, the victim’s credit card was used at a gas station and another location in Hollywood, Florida. A few months later, the victim noticed a white Ford Taurus driving through the preschool’s parking lot and recognized the driver as the same person who robbed her, though her assailant had arrived on foot. The victim recorded the license plate number of the Taurus and filed a police report indicating as such. According to police officers, the original tag number given by the victim was incorrect and officers changed the number around until they received a hit identifying Nshaka as the registered owner of the vehicle. The victim was given the opportunity to attempt to identify her attacker in a photograph line-up and identified Nshaka without hesitation. Nshaka was charged by information with burglary of a conveyance with a battery and strong arm robbery.
 

 The State filed a written notice of intent to offer evidence of other crimes, wrongs or acts, pursuant to section 90.404(2)(a), Florida Statutes. The evidence consisted of two other vehicle burglaries in the area in order to show opportunity, intent, absence of mistake, and motive of Nshaka. The court ruled that such evidence was admissible to show the similarities between all three incidents, including the victims, the items stolen, and the sightings of a white Ford Taurus in the parking lot where the burglaries occurred.
 

 One earlier victim testified that as she pulled into a church parking lot to drop her children off at school, she noticed a white vehicle, later identified by the victim as a white Ford Taurus, driving around and then parking. The vehicle’s sole occupant, a black male, was sitting in the driver’s seat. After she dropped her children off inside, she came back out and realized her purse was stolen from her truck. The credit cards that were inside the stolen purse were used shortly thereafter in Hollywood and Pembroke Pines, Florida. After the incident was reported to police, a photograph line-up was created in which this victim immediately identified Nshaka as the suspicious person inside the white vehicle. Another earlier victim testified that she left her purse on the passenger side front seat as she brought her daughter into preschool. When she returned to her vehicle approximately twenty minutes later, she noticed her purse was missing. A credit card that was in the purse was used almost immediately thereafter at a gas station in Pembroke Pines, Florida.
 

 Nshaka filed a motion to suppress items seized by officers from Nshaka’s vehicle, which was denied by the trial court. The trial court reasoned that the defendant was properly identified, was placed under arrest, and was the only occupant of the vehicle at the time of the arrest. The residence at 420 North 59th Avenue was also searched because a key to the home was confiscated at the time of Nshaka’s
 
 *177
 
 arrest and officers obtained his consent to search.
 
 [1]
 
 When officers arrived at the address, they noticed several items in plain view, including a bill with Nshaka’s name on it. The lead detective then obtained a search warrant for the address. In a child’s bedroom during the search, officers discovered a box that contained documents and other items which were meticulously cataloged. None of the belongings of the victim from this case were found in the box.
 

 Nshaka was convicted of burglary and robbery. He was sentenced as a habitual felony offender to thirty years in state prison on each count, to be served concurrently with the other related cases. This appeal followed.
 

 An appellate court reviews the trial court’s admission of evidence for abuse of discretion.
 
 Padgett v. State,
 
 73 So.3d 902, 904 (Fla. 4th DCA 2011). The trial court’s discretion “ ‘is limited by the rules of evidence.’ ”
 
 Id.
 
 Our supreme court has provided that admission of evidence of other crimes is presumptively harmful because the evidence from the other cases, which is irrelevant to the current case, could be used by a jury to charge a defendant.
 
 Robertson v. State,
 
 829 So.2d 901, 913-14 (Fla.2002). However, the
 
 Williams
 
 Rule, from the 1959 Supreme Court of Florida case
 
 Williams v. State,
 
 110 So.2d 654 (Fla.1959), codified by section 90.404(2)(a), Florida Statutes, provides that:
 

 Similar fact evidence of other crimes, •wrongs, or acts is admissible when relevant to prove a material fact in issue, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but it is inadmissible when the evidence is relevant solely to prove bad character or propensity.
 

 § 90.404(2)(a), Fla. Stat. (2011);
 
 see also DeLuise v. State,
 
 72 So.3d 248, 251 (Fla. 4th DCA 2011).
 

 Under the
 
 Williams
 
 Rule, two determinations must be made by the trial court: “ ‘(1) whether the evidence is relevant or material to some aspect of the offense being tried, and (2) whether the probative value is substantially outweighed by any prejudice.’ ”
 
 DeLuise,
 
 72 So.3d at 251. For evidence to be properly admitted under the
 
 Williams
 
 Rule,
 
 “
 
 ‘[t]here must be identifiable points of similarity which pervade the compared factual situations. Given sufficient similarity, in order for the similar facts to be relevant, the points of similarity must have some special character or be so unusual as to point to the defendant.’ ”
 
 Chambers v. State,
 
 692 So.2d 210, 211 (Fla. 5th DCA 1997).
 

 Nshaka argues that there were dissimilarities between the collateral cases, including the fact that the victim in the instant case was violently attacked, whereas the victims in the other burglaries were not at their vehicles at the times their purses were taken. The victim in this case was robbed on April 20, 2006, while the other two victims were burglarized on June 1, 2006 and June 5, 2006. This victim’s attacker arrived on foot, yet the burglar from the other two cases drove up in a Ford Taurus. Physical evidence belonging to the victim was never recovered, but evidence belonging to the other two victims was found and returned.
 

 The State, on the other hand, contends that there were several similarities between the crimes, which made admission of the
 
 Williams
 
 Rule evidence proper. The incidents were within five weeks of each
 
 *178
 
 other; all victims were females with minor children; all incidents occurred at preschools associated with religious establishments; all incidents occurred on Stirling Road in Broward County; the schools were all within three miles of one another; all incidents took place as the victims were dropping children off at school; all vehicles that were burglarized contained car seats; all victims left their purses in their vehicles as they dropped their children off inside; all incidents were vehicular burglaries; credit cards belonging to each victim were used at gas stations immediately thereafter; Nshaka was identified in some way by each victim; and the property belonging to the
 
 Williams
 
 Rule witnesses was found at the 59th Avenue address.
 

 The State relies specifically on
 
 Corinthian v. State,
 
 761 So.2d 1180 (Fla. 4th DCA 2000), to support its position that the collateral crime evidence was properly admitted. In
 
 Corinthian,
 
 collateral crime evidence was introduced in a case involving a robbery with a firearm.
 
 Id.
 
 at 1180. This court found that collateral evidence was properly admitted where numerous similarities existed between the collateral crimes and the charged crimes.
 
 Id.
 
 This court further found that the dissimilarities were so insignificant as to not affect the magnitude of the similarities.
 
 Id.
 
 In
 
 Corinthian,
 
 this court also distinguished a Fifth District Court of Appeal case,
 
 Chambers,
 
 692 So.2d 210, to explain why collateral crime evidence may be inadmissible.
 
 Corinthian
 
 at 1180-81. In
 
 Chambers,
 
 there were several separate hotel robberies for which the defendant was convicted.
 
 Chambers,
 
 692 So.2d at 211. At trial, the State introduced evidence from another robbery to establish identity.
 
 Id.
 
 The Fifth District held that collateral crime evidence should not have been admitted because there was no signature feature or unique manner in which the offenses were committed.
 
 Id.
 
 at 212.
 

 Here, similar to
 
 Chambers,
 
 the current robbery charge did not occur close in time with the collateral crimes and the crime occurred in a very different manner than the two previous burglaries. As provided in
 
 Chambers,
 
 “the points of similarity must have some special character or be so unusual as to point to the defendant.’ ”
 
 Id.
 
 at 211. The only similarities here are that females’ purses, left unattended in vehicles, were stolen from outside preschools on a major road in South Broward County and that a black male was identified as the suspect. The facts which would have made the current crime and collateral crimes unique in manner, such as physical assault, the white Ford Taurus being seen at the time of the incidents, and the belongings of all victims being found at the 59th Avenue residence, did not exist. This robbery case lacked any “signature feature” which would have provided a link between it and the earlier burglaries. Therefore, we hold that the introduction of collateral crime evidence under the
 
 Williams
 
 Rule was inappropriate where the current crime and the collateral crimes were too dissimilar to identify Nshaka as the proper defendant.
 

 Additionally, Nshaka argues that officers did not have a reasonable basis to assume that he had authority to consent to a search of the 59th Avenue residence and sought to suppress the evidence seized during the search. The State contends that officers reasonably believed that Nshaka had control over the residence due to surveillance they conducted for approximately three days.
 

 An appellate court reviews a motion to suppress using a mixed standard of review.
 
 Bryan v. State,
 
 62 So.3d 1244, 1245 (Fla. 4th DCA 2011). The appellate court defers to the trial court’s findings regarding the facts and uses the de novo
 
 *179
 
 standard of review for legal conclusions.
 
 Id.
 

 “Warrantless searches ‘are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions.’ ”
 
 Ferguson v. State,
 
 58 So.3d 360, 363 (Fla. 4th DCA 2011). One exception to the warrant requirement is if officers obtain voluntary consent by one who has permission to search the premises.
 
 Id.
 
 The person who gives consent may be a third party with “ ‘common authority over or other sufficient relationship to the premises or effects sought to be inspected.’ ”
 
 Id.
 
 Common authority exists where people have joint control over property for most purposes.
 
 Id.
 
 at 364 (citing
 
 United States v. Matlock,
 
 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974)). Where no actual authority exists, officers may rely on their reasonable beliefs that the person who gave them consent is a resident with control over the premises.
 
 Id.
 

 Here, officers ran Nshaka’s license plate and received a return, including an address of 5900 Hayes. When Nshaka was placed under surveillance for about three days, officers traced him to the 59th Avenue address. Upon asking if they could search the location, Nshaka provided them with a house key and agreed to a search. At the time they entered the premises, officers had Nshaka’s permission, supported by knowledge that he had a key to the premises and had been coming and going from that location for the nearly three days of surveillance. Additionally, there were utility bills with Nshaka’s name in plain sight inside the home. Based on these facts, we hold that it was reasonable for officers to believe that Nshaka had dominion and control over the property and was able to give consent for a search of the premises. As such, the trial court did not err in its denial of Nshaka’s motion to suppress evidence seized from the 59th Avenue address.
 

 Therefore, while we affirm the trial court’s denial of Nshaka’s motion to suppress evidence, we hold that the trial court improperly allowed the admission of
 
 Williams
 
 Rule evidence where the similarities between the evidence were substantially outweighed by the dissimilarities. Accordingly, we remand this case for retrial.
 

 Affirmed; Remanded for Retrial.
 

 TAYLOR and HAZOURI, JJ., concur.
 

 [1]
 

 . Officers also conducted a three-day surveillance on Nshaka before his arrest and he was seen going to and from the 59 th Avenue address during that time.