431 So.2d 272 (1983)
Brent Andrew KING, Appellant,
v.
STATE of Florida, Appellee.
No. 82-455.
District Court of Appeal of Florida, Fifth District.
May 12, 1983.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from an order withholding adjudication and placing appellant on probation for dealing in stolen property, section 812.019, Florida Statutes *273 (1981). We agree with appellant that the trial court committed reversible error in overruling his objection to the question posed by the prosecutor to the appellant, "You ever been convicted of a crime before?" In impeaching a witness by use of past convictions, the proper question is whether the witness (here the defendant) has ever been convicted of a felony. Section 90.610(1), Fla. Stat. (1981); Cummings v. State, 412 So.2d 436 (Fla. 4th DCA 1982); Davis v. State, 397 So.2d 1005 (Fla. 1st DCA 1981). Appellant here was forced by the court and the prosecutor to tell the jury that he had once been convicted of a misdemeanor, battery. That is clearly improper under section 90.610(1) which provides:
A party may attack the credibility of any witness, including an accused, by evidence that the witness has been convicted of a crime if the crime was punishable by death or imprisonment in excess of 1 year under the law under which he was convicted, or if the crime involved dishonesty or a false statement regardless of the punishment... .
Error was also committed in permitting the question because the prosecutor lacked knowledge that appellant had been convicted of a crime and lacked evidence to impeach appellant in the event appellant failed to properly admit the conviction. See Cummings v. State, 412 So.2d at 439. The prosecutor remarked:
BY MR. PHILLIPS: I had no idea what he was convicted of and I would proffer for the record Mr. King's rap sheet wherein it indicates a shoplifting arrest in 1979, released on bail, no further disposition indicated; assault and battery, held, no further disposition indicated; and a DUI, reckless driving, adjudication unknown. So it shows three arrests, and I, frankly, did not know the disposition and I was merely inquiring of Mr. King what his answer might be. (Emphasis supplied.)
When appellant objected to this improper questioning he adequately preserved the record for appeal. Simpson v. State, 418 So.2d 984 (Fla. 1982).
The trial court also erred in giving a jury instruction regarding an inference to be drawn by the possession of recently stolen property:
Proof of possession of recently stolen property, unless satisfactorily explained, gives rise to an inference that the person in possession of the property knew or should have known that the property had been stolen.
It was error to give this instruction because appellant's possession was not "personal and exclusive." Ridley v. State, 407 So.2d 1000 (Fla. 5th DCA 1981). In fact, it was not shown that the appellant ever really possessed the goods to the extent that he exercised any dominion and control over them, let alone exclusive dominion and control.
The order placing appellant on probation is reversed and this cause is remanded for a new trial.
REVERSED and REMANDED.
COBB and SHARP, JJ., concur.