886 So.2d 1037 (2004)
Marlon FOSTER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D04-468.
District Court of Appeal of Florida, Fourth District.
November 10, 2004.
Paul J. Kneski of Law Offices of Kneski & Kneski, Miami, for appellant.
*1038 Charles J. Crist, Jr., Attorney General, Tallahassee, and Sue-Ellen Kenny, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
We affirm the denial of appellant's motion for postconviction relief from his conviction for felony murder, in which he claimed his counsel was ineffective for failing to object to evidence introduced at trial. It is clear from the record that counsel did not object to the evidence because it supported the defense theory that the co-defendant was solely responsible for the robbery and murder. No ineffectiveness has been proven.
The facts of this case are set forth in O'Connor v. State, 835 So.2d 1226 (Fla. 4th DCA 2003). There, we reversed co-defendant O'Connor's conviction because of the admission of evidence found in his house, including a shotgun and bullet proof vest unconnected to the crime. We held the admission of these items was error, which was not harmless beyond a reasonable doubt. 835 So.2d at 1231-32.
In his motion for postconviction relief, appellant claims that this evidence and other items seized from O'Connor's house were also irrelevant and inadmissible in his trial. These other items included "show" money used in fake drug deals. Because the shotgun, bullet proof vest, and show money were not proven to be part of this crime, appellant says that trial counsel was ineffective for failing to object to their admission and claims this evidence was prejudicial.
We fail to see how appellant was prejudiced by the admission of evidence found in O'Connor's house. Trial counsel's theory was that O'Connor alone committed the robbery and killing as an independent act, and appellant had only planned to rip off the victim by selling him fake cocaine. Trial counsel used the evidence found in O'Connor's home to show that O'Connor was the mastermind behind the crime. On the face of the record, counsel's use of the evidence to support his theory, rather than seeking its exclusion, constitutes a strategy decision. Although in most cases an evidentiary hearing is necessary to determine whether a failure to object was a matter of trial strategy, it is apparent on the face of this record that trial counsel did not object in order to use the evidence to place the blame on the co-defendant. No evidentiary hearing is necessary. See Harris v. State, 768 So.2d 1179, 1183 (Fla. 4th DCA 2000).
In addition, appellant has failed to show that there was a reasonable probability that the outcome would have been different without counsel's ineffectiveness, should we consider counsel ineffective. See Strickland v. Washington, 466 U.S. 668, 692-93, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The mere fact that we reversed based upon the erroneous admission of the same evidence in O'Connor is not dispositive of the issue in this case, in which the theories of both the state and defense were different.
Appellant also raises a claim that trial counsel failed to preserve the argument that the evidence was insufficient, without the admission of his confession, to establish the corpus delicti of the robbery as the felony murder predicate. However, in a felony murder case, the corpus delicti is the fact of death through criminal agency, and proof of the underlying felony is not required. McArthur v. State, 793 So.2d 1190, 1194 (Fla. 5th DCA 2001).
Affirmed.
GROSS and HAZOURI, JJ., concur.