976 So.2d 76 (2008)
Larry Ray NEWMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-4874.
District Court of Appeal of Florida, Fourth District.
February 20, 2008.
Carey Haughwout, Public Defender, and Marcy K. Allen, Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for sale of cocaine within 1,000 feet of a convenience business, possession of cocaine with intent to sell within 1,000 feet of a convenience store, resisting an officer with violence, and possession of marijuana less than 20 grams. He raises four issues. We find no merit in any of them, but write to address the claimed fundamental error in the jury instructions.
The Delray Police Department took part in an undercover narcotics operation at the Regency Inn parking lot nearby the "Food and Spice Store." While conducting the operation, an undercover law enforcement officer approached the defendant and asked to "buy twenty hard or twenty." The defendant moved closer to the car and exchanged cocaine for twenty dollars.
At that point, two other officers were alerted that a drug transaction had taken place. They activated their police lights and approached the scene. When the defendant saw one of the officers exit the vehicle, he dropped something and started to run through the parking lot. The officers later found the dropped items, a small amount of crack cocaine in tissue paper *78 and a clear plastic bag containing marijuana. The officers apprehended the defendant as he tried to climb a fence.
The State charged the defendant with sale of cocaine within 1,000 feet of a convenience business, possession of cocaine with intent to sell within 1,000 feet of a convenience store, resisting an officer with violence, and possession of marijuana less than 20 grams. At the charge conference, the parties agreed to all of the instructions, including those for the lesser included offenses.
The trial court instructed the jury on the sale of cocaine within 1,000 feet of a convenience business. The State had to prove: (1) the sale or delivery of a controlled substance, (2) the sale took place on or within 1,000 feet of a convenience business, (3) the substance was cocaine, and (4) the defendant had knowledge of the substance. After correctly defining the four elements for the original charge, the trial court misspoke and advised the jury that the lesser included offense of sale of cocaine did not require proof of the third element instead of the second element. Nevertheless, the trial court correctly defined the element that did not require proof, the proximity to the convenience store.
The court misspoke again when discussing the lesser included offenses to the second charge, possession of cocaine with intent to deliver or sell within 1,000 feet of a convenience store. The court told the jury that the charge was possession with intent to sell within 1,000 feet of a place of worship. The court quickly corrected itself, started over again, and correctly instructed the jury on the elements of the crime charged and the lesser included charges.
Lastly, when the trial court was explaining the verdict form it referred to the possession of marijuana charge as a possession of cocaine charge. This occurred just after the trial court properly instructed the jury on the elements of the possession of marijuana charge. This mistake the trial court did not correct. The jury found the defendant guilty of all four counts.
The defendant now argues the trial court committed fundamental error in its instructions to the jury, and in inserting the word cocaine into its discussion of the verdict form on the possession of marijuana charge. The State responds that (1) the defendant did not object to any of the instructions, (2) the trial court corrected all but the last misstatement, (3) the written instructions and the verdict form were correct, and (4) the jury convicted the defendant of the crimes charged, not the lesser-included offenses where the misstatements were made. The State further suggests that if any error occurred, it did not rise to the level of fundamental error when the record is reviewed as a whole. We agree with the State.
"[G]enerally speaking, the standard of review for jury instructions is abuse of discretion"; however, discretion, as with any issue of law is strictly limited by case law. Pollock v. CCC Invs. I, LLC, 933 So.2d 572, 574 (Fla. 4th DCA 2006). Because the defendant did not object to the errors he now claims, they must rise to the level of fundamental error to allow for their review. State v. Weaver, 957 So.2d 586, 588 (Fla.2007). Fundamental error is that which reaches "down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Id. (quoting State v. Delva, 575 So.2d 643, 644 (Fla.1991)). To determine whether fundamental error occurred "the trial judge's slip of the tongue [must] be examined in the context of the other jury instructions, the attorneys' arguments, and *79 the evidence in the case to decide whether the `verdict of guilty could not have been obtained without the assistance of the alleged error.'" Allen v. State, 939 So.2d 273, 276 (Fla. 4th DCA 2006) (quoting Delva, 575 So.2d at 645).
Here, the first claimed error occurred when the trial court referred to the numbered element that did not have to be proven for the lesser included offense of sale of cocaine. It should have referred to element "two," but misstated element "three." Nevertheless, the trial court correctly defined the element that need not be proven, the proximity of the sale to the convenience store. There was no objection, perhaps because the mistake was so innocuous that no one, including the jury, noticed. More importantly, the trial court correctly instructed the jury on the substantive elements of the lesser included offense. We see no harmful, much less fundamental, error in the misnomer.
The second claimed error was in the court's reference to the 1,000 foot proximity to a "place of worship" instead of a convenience store in instructing the jury on the elements of the lesser included offense of possession with intent to sell. The trial court immediately corrected the error, and correctly re-read the instruction. Once again, there was no objection. The trial court corrected this second misstatement, and asked the jury if they understood the instructions.
The third and final claimed error was the trial court's reference to cocaine instead of marijuana during its explanation of the jury form. However, this misstatement took place after the trial court had correctly instructed the jury on the elements of possession of marijuana. Once again, there was no objection. And, the verdict form clearly referred to possession of marijuana less than 20 grams. We cannot say that this slip of the tongue reached "down into the validity of the trial itself to the extent that a verdict of guilty could not have been obtained without the assistance of the alleged error." Delva, 575 So.2d at 644.
Although the trial court's instructions were not flawless, the court took care in correcting its misstatements and accurately instructed the jury on the elements of the crimes charged and the applicable lesser included charges. The trial court twice asked the jury if they understood the instructions. The defense made no objections to the instructions. Additionally, the prosecutor also went over the elements of the crimes in the closing argument. These imperfections in the court's instructions to the jury simply do not rise to the level of fundamental error. For this reason, we affirm.
Affirmed.
STONE and STEVENSON, JJ., concur.