POLEN, J.
 

 Appellant, Dezman Zama, was convicted of aggravated assault with a deadly weapon. We reverse for a new trial because the trial court, in response to a question from the jury, gave an erroneous instruction by expanding on the fear element of assault.
 

 Appellant was on trial for attempted second degree murder. His defense was that, after being forcibly escorted out of a nightclub by security personnel, he acci-dently shot his gun into the club, not realizing the safety was off. Appellant told police during an interview that he intended to fire at the ground, to scare off the security personnel who were harassing him. At trial, appellant testified that he did not know the safety was off, and that he never intended to fire the gun.
 

 The victim, Adam Lowe, who was working security at the club that night, testified that he was about six to eight feet from appellant and was looking appellant in the eyes when the gun fired. The bullet came within inches of Lowe’s thigh. Lowe was unsure if the gun was pointed up or down when it fired although he believed appellant was shooting at him. Lowe feared the bullet would hit him or someone else. After the shot was fired, Lowe was not nervous or in fear and wanted to go outside (where appellant was).
 

 Lowe was 6'2" and weighed 200 pounds. He carried an asp (a retractable baton), in
 
 *1077
 
 a case attached to his belt on his right hip. Appellant weighed 150 pounds and was 5'5".
 

 In instructing the jury, the trial court explained that aggravated assault was a lesser included offense. The court further instructed that, to prove the crime of assault, the State must prove the following elements beyond a reasonable doubt:
 

 1. [Appellant] intentionally and unlawfully threatened, either by word or act, to do violence to Adam Lowe.
 

 2. At the time [appellant] appeared to have the ability to carry out the threat.
 

 S. The act of [appellant] created in the mind of Adam Lowe a well-founded fear that the violence was about to take place.
 

 During deliberations, the jury submitted the following question to the court:
 

 Is this correct?:
 

 In the 3 elements of assault, item 3, the phrase “fear that the violence was about to take place” refers only to the violence to Adam Lowe (as designated in element 1) and not to any fear he may have had for the (potential) violence to others in the area.
 

 Over appellant’s objection, the court answered the jury’s question as follows:
 

 If the circumstances are such as would ordinarily induce fear in the mind of a reasonable person, then the alleged victim may properly be found to have been in fear.
 

 Appellant filed a timely motion for new trial. He argued that the court committed fundamental error because the court’s answer improperly expanded the fear element to include an unnamed, unmentioned individual. The trial court denied the motion.
 

 The standard of review for jury instructions is abuse of discretion; “however, discretion, as with any issue of law is strictly limited by case law.”
 
 Newman v. State,
 
 976 So.2d 76, 78 (Fla. 4th DCA 2008).
 

 Appellant argues that the trial court’s answer to the jury’s question improperly expanded the “fear” element of assault by allowing the jury to return a guilty verdict if the jury believed that Lowe had a well-founded fear that violence was imminent
 
 against another person besides Lowe.
 
 The State responds that this issue was not preserved because appellant did not raise this objection until his motion for new trial. Should this court find the issue preserved, the State contends that the judge’s instructions were a correct statement of the law, and thus, no reversible error occurred. Appellant replies that, even if not preserved, the error was fundamental and therefore can be raised for the first time on appeal.
 

 “Issues pertaining to jury instructions are not preserved for appellate review unless a specific objection has been voiced at trial.”
 
 Coday v. State,
 
 946 So.2d 988, 995 (Fla.2006) (quoting
 
 Overton v. State,
 
 801 So.2d 877, 901 (Fla.2001)).
 

 We find the issue was preserved. Defense counsel argued that the court should answer the jury’s question as follows:
 

 I would, probably say, as I understand the instruction [sic], that the threat has to apply to the individual who’s listed as the victim, and I think that that would apply to Adam Lowe because he’s named in the Information that way and it’s named in the instructions that way.
 

 So, I would think that I would ask that the Court say that it should only refer to the violence to Adam Lowe and not to any other individuals because he’s the individual named as the listed victim in the Information, or the charging document, and he’s also the individual listed
 
 *1078
 
 in the jury instructions. That would be the defense’s posture, Your Honor.
 

 The court rejected appellant’s requested response and instead gave the answer to which appellant objected. Therefore, this issue was contemporaneously raised at trial, contrary to the State’s argument. Moreover, it is undisputed that appellant raised the issue in his motion for new trial.
 

 Turning to the merits, an “assault” is defined as “an intentional, unlawful threat by word or act to do violence to the person of another, coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.” § 784.011(1), Fla. Stat. (2007). Thus, “an essential element of any assault is the victim’s well-founded fear of imminent violence.”
 
 Johnson v. State,
 
 888 So.2d 691, 693 (Fla. 4th DCA 2004) (quoting
 
 Viveros v. State,
 
 699 So.2d 822, 825 (Fla. 4th DCA 1997));
 
 see also State v. Von Deck,
 
 607 So.2d 1388, 1389 (Fla.1992).
 

 The jury asked the court whether the fear element included only Lowe’s fear of violence against himself and not Lowe’s fear of violence against others in the club. Based on the plain meaning of the statute, the correct answer to the jury’s question was ‘Yes.” However, the trial court did not directly answer the question, stating: “If the circumstances are such as would ordinarily induce fear in the mind of a reasonable person, then the alleged victim may properly be found to have been in fear.” This answer, while a correct statement of the law,
 
 [1]
 
 suggested to the jury that the fear element could be satisfied based on Lowe’s fear of harm to others in the club. Such a scenario does not constitute the crime of aggravated assault. In light of Lowe’s testimony that he feared the bullet could have hit someone
 
 or
 
 hit him, and that, after the shot was fired, he was not nervous or in fear and wanted to go outside (where appellant was), we cannot find that the trial court’s misleading response to the jury’s question was harmless.
 
 See State v. DiGuilio,
 
 491 So.2d 1129 (Fla.1986).
 

 Appellant also claims he was denied a fair trial because the prosecutor presented evidence that he possessed a bullet-proof vest and then argued in closing that the vest was not relevant. The fact that he possessed a bullet-proof vest, appellant argues, unfairly prejudiced him as it served no purpose but to inflame the jury and suggest he was of bad character and had a propensity for gun violence. We agree, and briefly address this issue as it could recur on retrial.
 

 The bullet-proof vest came up several times during the trial. In opening statements, the prosecutor told the jury that police found the gun in appellant’s car and that police “also [found] the bullet proof vest that he had in the trunk.” During Detective Schroeder’s direct examination, the prosecutor elicited testimony that he found a bullet-proof vest in the trunk of appellant’s car. Through the detective, the prosecutor introduced the bullet-proof vest into evidence. Also during Schroeder’s direct examination, the State played the recording of Schroeder’s interrogation of appellant, during which Schroeder asked appellant why he had a bullet-proof vest. During the State’s direct examination of witness Alex Abreu, the prosecutor elicited that, when Abreu was talking to appellant in the club parking lot, Abreu saw that appellant had a bullet-proof vest in his car.
 

 
 *1079
 
 Yet, the prosecutor stated during closing argument that the bullet-proof vest was not relevant to appellant’s case, and that it was introduced only to show that it was found in appellant’s car:
 

 So, you have these things that you’ll be able to think about and look at, and you have the pictures and
 
 you have this bulletproof vest, which is really no consequence of anybody [sic] other than he had it in the car and that it was a part of the evidence so we introduced it,
 
 and the Judge will send this back to you.
 

 (Emphasis added). Defense counsel did not move for a mistrial, but argued during his closing that the prosecutor admitted the bullet-proof vest into evidence in order to convince the jury that appellant was a “reckless ... troublemaker” who “shoots at things.”
 

 Although appellant never raised an objection to any of the evidence concerning the bullet-proof vest at trial, we agree it was error to admit such evidence, which was unconnected to the crime.
 
 See O’Connor v. State,
 
 835 So.2d 1226, 1281 (Fla. 4th DCA 2003) (reversing defendant’s convictions for first-degree murder and armed robbery because of the admission of evidence found in his house, including a shotgun and bullet-proof vest, which were unconnected to the crime).
 

 Appellant also argues that the trial court erred by overruling his objection to the detective’s non-expert opinion that, based upon his observations of the scene and the condition of the recovered projectile, the projectile did not ricochet off the floor. We find no error with the trial court’s ruling, and affirm that issue without further discussion.
 

 Appellant’s remaining issues deal with matters that occurred during jury selection. Neither merits discussion, as they are unlikely to occur on retrial.
 

 Reversed and Remanded For New Trial.
 

 CIKLIN and LEVINE, JJ., concur.
 

 [1]
 

 .
 
 See, e.g., L.R.W.
 
 v.
 
 State,
 
 848 So.2d 1263, 1266 (Fla. 5th DCA 2003) ("If the circumstances are such as would ordinarily induce fear in the mind of a reasonable person, then the victim may properly be found to have been in fear.”).