POLEN, J.
Appellant, Pharaoh Nshaka, appeals the trial court’s final order imposing judgment of conviction of burglary and the trial court’s final order imposing sentence as to three separate cases which were consolidated on appeal. Nshaka specifically appeals the trial court’s denial of his motion for judgment of acquittal, the trial court’s denial of his motion for mistrial, the trial court’s instruction to the jury regarding inferences that may be drawn from proof of possession, the trial court’s denial of his motion in limine, and the trial court’s denial of his motion to suppress physical evidence. We agree with Nshaka’s assertions in part and disagree in part. While we affirm the trial court’s orders denying the motions for judgment of acquittal, mistrial, and suppression, we reverse on the issues regarding the jury instruction and the denial of Nshaka’s motion in limine. As a result, we remand this case for retrial.
A vehicle burglary occurred outside a daycare facility. The vehicle, a black Ford Expedition, was left unlocked by the owner. The owner left her handbag on the seat of the vehicle, which contained her license, bank card, and cash. Around the time of the burglary, an eyewitness spotted Nshaka’s vehicle, a white Ford Taurus, parked at the daycare facility and documented the make, model, and license plate number of the vehicle. The eyewitness also noticed that the person in the Taurus was wearing a baseball cap and had masculine features. The vehicle was traced to 5900 Hayes Street — an address which was linked to Nshaka.
Officers later attached a tracking device to Nshaka’s vehicle and traced him to a different address on 59th Avenue. Officers then placed Nshaka under surveillance for three days, during which they witnessed him coming and going from that address. Officers initiated a traffic stop to attempt to obtain consent from Nshaka to search the residence. When officers stopped Nshaka and began to speak with him, he advised them that he lived at 5900 Hayes, as his driver’s license showed, but *846 that he had keys to the 59th Avenue home and they could perform a search of that location.
When officers arrived at the address, they knocked, announced themselves, and performed a cursory search when nobody responded. After about two to three minutes of a cursory search, the officers terminated the search, determining no one was there. During the search, officers noticed items in plain view, including several purses stacked up and a bill with Nshaka’s name on it. The lead detective then obtained a search warrant for the address. During their search, officers found boxes filled with paperwork in a closet. The paperwork included bills dated from the previous five months, all of which were addressed to Nshaka at the 59th Avenue address. In a child’s bedroom during the search, officers discovered another box that contained documents and other items which were cataloged in a very specific and organized manner. The box also contained the credit card and driver’s license of the victim from the incident which is the subject of this appeal.
Before evidence was introduced at trial, Nshaka made a motion in limine to exclude evidence of other burglaries, including: a pair of latex gloves found in the house during the search; identification; mentions of other victims; or credit cards found. The trial court denied the motion in limine and photographs of the gloves were admitted into evidence. At trial, one of the officers testified that he was searching for evidence in some vehicle burglaries and the defense moved for a mistrial. The court denied the motion. Additionally, later in the trial during a sidebar, a juror told the judge that she overheard an officer on his phone mentioning burglaries and how they were not supposed to testify as to other burglaries. The juror did not mention the conversation she overheard to any other members of the jury. At this point, Nshaka, again, moved for a mistrial. The court denied the motion and excused the juror, appointing an alternate in her place. At the close of the State’s case, Nshaka moved for judgment of acquittal, explaining that the State was unable to prove that he committed burglary. The court determined there was sufficient evidence to submit the matter to a jury and denied the motion for judgment of acquittal.
During the charge conference, Nshaka objected to the court’s statement that there was proof of possession by an accused of recently stolen property by means of a burglary. The trial court overruled the objection without prejudice. The court instructed the jury as to the inferences given by proof of possession of recently stolen property. The defense objected to the jury instruction and the trial court overruled the objection. The jury returned a verdict of guilty as to both counts. Nshaka entered an open plea as to the remaining two cases before the court. Those cases involved: burglary of a conveyance and grand theft; and eight counts of criminal use of personal identification information and one count of unauthorized possession of identification card or driver’s license. Nshaka filed a motion to suppress physical evidence. The court denied the motion, but reserved Nshaka’s right to appeal the ruling.
A sentencing hearing was held and Nshaka was found to be a habitual offender and was sentenced three times — one sentence for each of the three consolidated cases on appeal. Nshaka was sentenced to ten years with credit for 975 days time served for counts I and II of the case involving the burglary at the daycare. For a nine count case involving misuse of another’s personal identity, Nshaka was found to be a habitual offender and was sentenced to five years with credit for 975 *847 days time served, to be served concurrently with the sentences of the other two cases. In the third case, the trial court found Nshaka to be a habitual offender and sentenced him to ten years, to be served consecutively with the ten year sentence from the trial. This consolidated appeal followed.
Taking each issue in turn, we begin by analyzing those points on which we agree with Nshaka. Nshaka argues that the trial court erred when it instructed the jury that “proof of possession by an accused of property recently stolen by means of a burglary, unless satisfactorily explained, may justify a conviction of burglary.” An appellate court reviews jury instructions using the abuse of discretion standard of review. Zama v. State, 54 So.3d 1075, 1077 (Fla. 4th DCA 2011).
Nshaka argues that the jury instruction was harmful because it identified him as a participant in the burglary. The State argues that sufficient evidence was presented to show that Nshaka had control over the premises, allowing an inference to be drawn. The Fifth District held in King v. State, 431 So.2d 272 (Fla. 5th DCA 1983), that the same instruction as the one given in this case was improper because the “appellant’s possession was not ‘personal and exclusive.’ ” Id. at 273. Similar to King, the evidence here also did not show “that the appellant ever really possessed the goods to the extent that he exercised any dominion and control over them, let alone exclusive dominion and control.” Id. at 273.
This court relied on King in the past to show that a jury instruction regarding inference of burglary due to possession is proper only if possession is exclusive. Ward v. State, 40 So.3d 854, 856 (Fla. 4th DCA 2010). Here, no proof was presented that Nshaka had personal and exclusive dominion and control over the stolen property that was found during the officers’ search of the premises because a three month time period lapsed between the date of the burglary and the search of the home. We hold that a three month lapse in time is not recent, so as to fit into the trial court’s instruction regarding “recently stolen” items. As a result, Nshaka was free to argue that the items were not exclusively his, making an instruction of inference to the jury improper. Therefore, the trial court erred in giving this jury instruction and we reverse as to this point on appeal.
Next, Nshaka argues that the trial court erred in allowing latex gloves to be entered into evidence when the gloves were found eighty days after the date of the burglary, removing the seizure too far from the incident. An appellate court reviews a trial court’s ruling on a motion in limine for an abuse of discretion. Mackey v. State, 55 So.3d 606, 609 (Fla. 4th DCA 2011). The trial court’s discretion regarding admissibility of evidence is broad and its ruling will be disturbed only upon an abuse of discretion. Huhn v. State, 511 So.2d 583, 588 (Fla. 4th DCA 1987).
Relevant evidence is defined as that which tends “to prove or disprove a material fact.” § 90.401, Fla. Stat. (2011). In order to be admissible, evidence must be relevant. § 90.402, Fla. Stat. (2011). Relevant evidence is generally always admissible, except where “its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence.” § 90.403, Fla. Stat. (2011). In a Second District Court of Appeal murder case, Green v. State, 27 So.3d 731 (Fla. 2d DCA 2010), the court found that evidence which was not connected to the charged offenses, nor the defendant, was too prejudicial to be admitted into evidence. Id. at 737-38. Failure to connect the evidence to the charges *848 made the evidence irrelevant because it “did not tend to prove or disprove any material fact in controversy.” Id. at 738.
Here, while the State intended to introduce the gloves into evidence to show why there were no fingerprints on the victim’s vehicle, the State did not introduce evidence to show that those gloves were connected to that burglary charge, nor that the gloves were connected to Nshaka. Therefore, based on an instructive application of Green, the gloves should have not been entered into evidence because they did not tend to prove or disprove any material fact related to the precise charged offenses. We hold that the latex gloves were improperly admitted into evidence where their prejudicial effect outweighed their probative value.
In consideration of the two points above, we hold that the trial court erred in its jury instruction and denial of Nshaka’s motion in limine. Thus, we remand for a retrial.
Additionally, Nshaka argues that the State did not present enough evidence to create an inference of his guilt based on his possession of the stolen items from the burglary scenes and moved for judgment of acquittal. An appellate court reviews a motion for judgment of acquittal using the de novo standard of review. Salter v. State, 77 So.Sd 760, 762 (Fla. 4th DCA 2011). If a conviction is supported by competent, substantial evidence, the appellate court will not order a reversal. Id. It is the State’s burden to conclusively rebut all inferences made from the evidence by presenting evidence that contradicts the defendant’s version of the events. Wiley v. State, 60 So.3d 588, 591 (Fla. 4th DCA 2011). Once the State meets its burden, the jury then determines “whether the evidence is sufficient to exclude every reasonable hypothesis of innocence beyond a reasonable doubt.” Id. When a court is evaluating circumstantial evidence, it must find that the evidence leads “to a 'reasonable and moral certainty that the accused and no one else committed the offense charged.’ ” Brown v. State, 672 So.2d 648, 650 (Fla. 4th DCA 1996).
Section 810.02, Florida Statutes, provides that a burglary occurs when one enters “a dwelling, structure, or a conveyance with the intent to commit an offense therein.” § 810.02(l)(b)l., Fla. Stat. (2011). Here, a black Ford Expedition was left unlocked by the owner and a handbag remained on the seat of the vehicle, which contained her license, bank card, and cash. After an eyewitness statement, officers had a suspect, placed the suspect under surveillance, searched an address which the suspect was seen entering and leaving several times, and found items belonging to the burglary victim. Nshaka argues that the State did not prove that he entered the vehicle and that, while his vehicle was at the scene, nobody identified him as the driver. Nshaka also argues that no proof exists to support the notion that his possession of the stolen items was exclusive, which is necessary to draw an inference of guilt. The State contends that the presence of his vehicle at the crime scene, along with officers’ discovery of recently stolen property, was enough to infer that Nshaka committed the crime.
“[U]nexplained possession of recently stolen property is not only sufficient to support a theft conviction but when a burglary necessarily occurs as an adjunct, the inference of guilt from the unexplained possession of the recently stolen goods also supports a conviction for the burglary.” T.S.R. v. State, 596 So.2d 766, 767 (Fla. 5th DCA 1992). “[Possession of the stolen property must be exclusive for the State to be entitled to the inference.” Bronson v. State, 926 So.2d 480, 483 (Fla. 2d DCA 2006).
*849 Mere possession of stolen property, without other evidence of guilt, is not to be regarded as prima facie evidence of larceny, robbery, receiving stolen property, or burglary. It must be shown that the possession of the defendant was exclusive, recent, and involved a distinct and conscious assertion of property. The meaning of the terms “exclusive” and “recent” will vary with the circumstances of each case.
Id. at 483-84 (emphasis in original) (quoting Scobee v. State, 488 So.2d 595, 598 (Fla. 1st DCA 1986)). The Second District also provides that the exclusive possession need not be “separate from all other persons” and, instead, may include “ ‘joint possession of two or more persons acting in concert.’ ” Id. at 484. The possession must also be personal and the State must be able to show that the suspect exercised dominion and control over the property. Id. Additionally, this court has held that possession requires “a conscious and substantial possession, as distinguished from a mere involuntary or superficial possession.” Garcia v. State, 899 So.2d 447, 451 (Fla. 4th DCA 2005).
This court, in Garcia, concluded “that the trial court erred in denying appellant’s motion for judgment of acquittal on ... burglary and theft counts and remand[ed][the] cause for appellant to be discharged.” 899 So.2d at 451. This court remanded the cause where the appellant was present in the vehicle where the stolen property was placed, but no proof existed as to whether he exercised dominion and control over it. Id. Here, the officers found boxes containing documents with Nshaka’s name on them, as well as the items stolen from the victim’s vehicle outside the daycare. The officers searched the 59th Avenue address after surveillance of Nshaka for several days, observing that only Nshaka was coming and going to and from the address. It was at that home — a home where no other individuals were seen — inside a child’s room, that the victim’s belongings were found. Furthermore, an eyewitness placed Nshaka’s vehicle at the scene of the crime and even recorded the license plate on his Ford Taurus. When the license plate was run by officers, Nshaka was identified as the owner.
The facts show that Nshaka was identified as being present at the scene of the incident at the time it occurred. The facts also support that Nshaka could have had exclusive possession and control of the home searched by officers. The victim’s belongings were retrieved from inside the home, with no explanation for Nshaka’s possession of those items. We, therefore, hold that, while a jury instruction on the subject of an inference was error by the trial court, its denial of the motion for judgment of acquittal was proper because there was sufficient circumstantial evidence to submit this case to a jury.
Nshaka also challenges the trial court’s denial of his motion to suppress evidence found inside the home on 59th Avenue. An appellate court reviews a motion to suppress using a mixed standard of review. Bryan v. State, 62 So.3d 1244, 1245 (Fla. 4th DCA 2011). The appellate court defers to the trial court’s findings regarding the facts and uses the de novo standard of review for legal conclusions. Id.
‘Warrantless searches ‘are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and delineated exceptions.’ ” Ferguson v. State, 58 So.3d 360, 363 (Fla. 4th DCA 2011). One exception to the warrant requirement is if officers obtain voluntary consent by one who has permission to search the premises. Id. The person whom gives consent may be a third party with “ ‘common authority over or other sufficient relationship to the premis *850 es or effects sought to be inspected.’ ” Id. Common authority exists where people have joint control over property for most purposes. Id. at 364 (citing United States v. Matlock, 415 U.S. 164, 171, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974)). Where no actual authority exists, officers may rely on their reasonable beliefs that the person who gave them consent is a resident with control over the premises. Id.
Here, officers ran Nshaka’s license plate and received a return, including an address of 5900 Hayes. When Nshaka was placed under surveillance for about three days, officers traced him to the 59th Avenue address. Upon asking if they could search the address, Nshaka provided them with a house key and told them they could search. At the time they entered the premises, officers had Nsha-ka’s permission, supported by knowledge that he had a key to the premises and had been coming and going from that location for the nearly three days of surveillance. Once inside, officers saw, in plain view, utility bills with Nshaka’s name. Based on these facts, we hold that it was reasonable for officers to believe that Nshaka had dominion and control over the property and was able to give consent for a search of the premises. As such, the trial did not err in its denial of Nshaka’s motion to suppress evidence seized from the 59th Avenue address.
We hold that the trial court erroneously gave a jury instruction on inference of guilt and denied Nshaka’s motion in limine to exclude the latex gloves. Accordingly, we remand this case for retrial on the grounds with which we agree with Nsha-ka’s assertions. On retrial, we caution the attorneys and jurors, as they were previously cautioned, not to say anything about other burglaries.

Remanded for Retrial.

TAYLOR and HAZOURI, JJ., concur.