# Third District Court of Appeal

## State of Florida

Opinion filed February 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D14-3016
Lower Tribunal No. 13-17081-B

_____

**Anthony Williams,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Milton Hirsch, Judge.

Carlos J. Martinez, Public Defender, and Jeffrey Paul DeSousa, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jacob Addicott, Assistant Attorney General, for appellee.

Before WELLS, ROTHENBERG and EMAS, JJ.

WELLS, J.

Anthony Williams appeals from his conviction for possession of cocaine, contending that the trial court gave a misleading, incomplete and reversibly erroneous instruction in response to a jury question during deliberations.[1] We agree and reverse.

The underlying facts may be summarized as follows:

In the evening of July 23, 2013, police officers observed an individual pass an item into a vehicle. Williams was the passenger of this vehicle, which was being driven by Kynan Atkins. The officers observed the item being passed to, and handled by, both Atkins and Williams. Officers believed that the item in question was illegal drugs and that the three individuals were engaged in a narcotics transaction. After the transaction, Atkins drove away and officers followed the vehicle. Along the way, the officers noted a number of traffic violations, and after the car stopped in the parking lot of a local hotel, the officers approached the car, had the occupants get out, and conducted a search. The search revealed six bags of powder cocaine and six bags of rock cocaine located in the car's sunglass console (a closed compartment located above the rearview mirror). Williams and Atkins were both arrested.

_____

[1] Williams was also convicted of resisting an officer without violence pursuant to section 843.02, Florida Statutes (2014). However, he appeals only from the possession conviction.

In a single information, Williams and Atkins were charged with trafficking in cocaine, a first-degree felony carrying a maximum sentence of thirty years in prison and a minimum mandatory sentence of three years. See §893.135(1)(b)1.a., Fla. Stat. (2014).

On the morning of trial, Atkins negotiated a plea and agreed to testify against Williams in exchange for a sentence of 364 days in the Dade County Jail. The plea agreement provided in part that, should Atkins fail to cooperate with the State, he could be deemed in violation of his plea agreement, subjecting him to the maximum penalty of thirty years in prison. Williams' defense to the charge was that the drugs found in the sunglass console of Atkins' car belonged to Atkins and that Williams did not know, and had no reason to know, that drugs were present in Atkins' car. Williams contended that Atkins' testimony was not credible, and was motivated by the favorable plea bargain he struck with the State; that Atkins' testimony was inconsistent with and contradicted by the officer's trial testimony;[2]

---

[2] Atkins testified that Williams called him on the evening in question and asked for a ride. After he picked up Williams, Williams told Atkins where to go. When they arrived in Little Haiti, Williams told Atkins where to park. After they parked, they were approached by a light-skinned man with dreadlocks who spoke through the driver's window to Williams, who was in the passenger seat, telling Williams that "it will be ready in a few minutes." A few minutes later, this same individual got into the back seat of the car occupied by Atkins and Williams, and Atkins drove to a nearby parking lot. There, the third man passed a bag directly to Williams and Atkins never handled the bag or inspected its contents. After receiving the bag, Williams removed some of its contents, rolled what he had removed into a cigarette, and smoked it, saying that it was "good." Williams then put the bags in the car's sunglasses holder; the third man left the car; and Atkins drove back in the

3

and that the investigation was inadequate to prove that Williams participated in the transaction, handled the drugs, or even knew of their presence.[3]

During the charge conference, the trial court and the parties reviewed the standard jury instruction for trafficking in cocaine. See Fla. Std. J. Inst. (Crim.) 25.10. The court indicated it intended to instruct the jury on the affirmative defense of lack of knowledge of the illicit nature of the controlled substance. That portion of the instruction (explanatory notes in italics) provides:

> *Affirmative defense: Lack of knowledge of illicit nature. Give if applicable. § 893.101(2) and (3), Fla. Stat.*
>
> Lack of knowledge of the illicit nature of a controlled substance is a defense to Trafficking in Cocaine. (Defendant) has raised this defense.

---

direction of the hotel where he and Williams initially were observed.

Detective Benavides, a narcotics officer who had been surveilling the area where the initial contact with the third man was made, testified that he witnessed a light skinned man "conduct a hand to hand transaction" in which that man "handed **both** the passenger and driver multiple large bags." (Emphasis added). The officer also saw **both** the driver and the passenger turn "around to mess with whatever was in the bag," following which the three men talked for a few more minutes. The officers then followed the car when it left the location where these activities had been observed, and after it pulled into local hotel parking lot, Atkins and Williams were apprehended.

[3] For example, the third person in the transaction was not arrested or even photographed, nor was a statement ever taken from him; police did not attempt to lift fingerprints from the bags of narcotics which Williams allegedly handled; police did not produce the cocaine-laced cigarette that police had observed Williams smoking.

You are permitted to presume that (defendant) was aware of the illicit nature of the controlled substance if you find that [he] [she] knew of the presence of the substance and exercised control or ownership over the substance.

If you are convinced beyond a reasonable doubt that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Cocaine.

If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in Cocaine.

*See State v. Weller, 590 So. 2d 923 (Fla. 1991).*

The defense objected to the giving of this instruction, arguing it was not relevant in this case and that Williams had never raised as a defense that he did not know the illicit nature of the substance. Rather, the defense was that Williams did not even know that any substance (illicit or otherwise) was in the sunglass console. Although the trial court indicated it was going to so instruct the jury notwithstanding the defense objection, it ultimately did not do so. Instead, the court gave the following standard instruction on trafficking in cocaine, properly omitting any reference to knowledge of the illicit nature of the substance:

The defendant, Anthony Williams, has been accused of the crime[] of trafficking in cocaine . . . .

. . . .

To prove the crime of trafficking in cocaine, the State must prove the following three elements beyond a reasonable doubt. Now, number one, Anthony Williams knowingly sold, purchased, manufactured, delivered, brought into Florida, or possessed a certain

5

substance. Number two, the substance was cocaine or a mixture containing cocaine. Number three, the cocaine or mixture containing cocaine weighed 28 grams or more.

The court also instructed the jury on the definition of actual and constructive possession:

> To "possess" means to have personal charge of or exercise the right [o]f ownership, management, or control over the thing possessed. Possession may be actual or constructive.

> Actual possession means: a) The substance is in the hand of or on the person, or b) The substance is in a container in the hand of or the person, or c) The substance is so close as to be within ready reach and is under the control of the person. Now, Mere proximity to a controlled substance is not sufficient to establish control over that substance when the substance is in a place that the person does not control. So that is actual possession.

> Constructive possession means the controlled substance is in a place over which the defendant has control.

> In order to establish constructive possession of a controlled substance if the controlled substance is in a place over which Anthony Williams does not have control, the state would have to prove that the control over the controlled substance and his knowledge that the controlled substance was within the defendant's presence.[4]

With regard to the lesser included offense of simple possession[5] the court instructed the jury that if it determined that the main charge of trafficking was not

---

[4] One month after this trial, the Florida Supreme Court approved substantial amendments to standard criminal jury instructions 25.07 and 25.10. See In Re Standard Jury Instructions in Criminal Cases—Report No. 2013-05, 153 So. 3d 192 (Fla. 2014).

[5] See § 893.13(6)(a), Fla. Stat. (2014) (providing that a "person may not be in actual or constructive possession of a controlled substance unless such controlled

6

proven, it should next decide whether Williams was guilty of the lesser offense of simple possession—the definition of which had already been provided in the standard instructions on trafficking:

> Now, In [sic] considering the evidence, you should consider the possibility that although the evidence may not convince you that the defendant committed the crime of which he is accused, there may be evidence that he committed other acts that would constitute what we call a lesser included crime or lesser included offenses. Therefore, if you decide that the main accusation has not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime. The lesser crime indicated within the definition of trafficking in cocaine is simple possession of cocaine. And I have already instructed you on what [possession] means.

Thereafter, during deliberations, the jury sent a note to the court, asking whether lack of knowledge that drugs were in Atkins' car was a defense to the lesser-included defense of simple possession:

> Are there legal exceptions for 'possession of cocaine' if the defendant was not aware of drugs in the car?

Rather than responding to this question about whether proof of knowledge of the **_presence_** of the substance found in Atkins' car was necessary for a conviction for simple possession, the court prepared its own response, focusing on the question of whether Williams knew of the illicit nature of the substance found.

---

substance was lawfully obtained"); see also § 893.135(1)(b)1., Fla. Stat. (2014) (confirming trafficking as having actual or constructive possession of 28 grams or more of cocaine).

7

The trial court advised the State and defense that it intended to answer the jury's question as follows:

> Ladies and Gentlemen of the Jury: I have received your note.
>
> As I have previously instructed you, to prove the charged crime of trafficking in cocaine, the prosecution must prove, among other things, that Anthony Williams "knowingly sold, purchased, manufactured, delivered, brought into Florida, or possessed" cocaine or a mixture containing cocaine.
>
> *As to the lesser-included offense of simple possession, however, knowledge of the illicit nature of the controlled substance (in other words, knowledge that it is cocaine) is not an element of the crime. Lack of knowledge of the illicit nature of the controlled substance is what we call an "affirmative defense." Mr. Williams has raised this affirmative defense.*
>
> You are therefore permitted (but not required) to presume that Mr. Williams was aware of the illicit nature of the controlled substance if you find that he was in actual or constructive possession of that substance.
>
> I caution you that you should consider all of my instructions to you, and not just the foregoing, in reaching your verdict.
>
> Thank you, and please resume your deliberations.

(Emphasis added).

The defense objected to the trial court's proposed instruction, advising the court that this was not Williams' defense and that the trial court should merely answer the jury's question by instructing the jury that the State must prove Williams was aware of the presence of the substance. The trial court overruled the defense's objection and instructed the jury as set forth above.[6] This was reversible

8

error. As this instruction was not only unresponsive to the jury's question, it was inaccurate, misleading and confusing as well.

First and foremost, the jury's question neither asked about, nor sought guidance regarding, Williams' knowledge of the illicit nature of the substance found in Atkins' car. Instead, the jury question related to whether the charge of simple possession of cocaine could be proved if Williams was not aware of the presence of the drugs in the car. The trial court failed to address that question.

Second, and more significantly, the trial court incorrectly advised the jury that Williams' defense at trial was that he did not know of the illicit nature of the substance found in Atkin's car. This was never Williams' defense; Williams' defense was that he did not know that drugs were present in Atkins' car.

---

[6] The trial court was under the misimpression that it was required to give this instruction pursuant to the Florida Supreme Court's decision in State v. Adkins, 96 So. 3d 412 (Fla. 2012). The trial court was correct to the extent that Adkins upheld the constitutionality of the 2002 amendments to Chapter 893, which eliminated knowledge of the illicit nature of the controlled substance as an element of any offense under that chapter. See § 893.101(2), Fla. Stat. (2014) (providing that lack of knowledge of the illicit nature of a controlled substance is not an element but rather an affirmative defense to offenses under chapter 893). However, the trial court conflated this with the defense actually raised by Williams: that he was not aware of the presence of the substance. As the plurality opinion in Adkins expressly noted, the statutory elimination of the element of knowledge of the illicit nature "does not eliminate the element of knowledge of the presence of the substance. . . ." Adkins, 96 So. 3d at 416; see also id. at 424 (Pariente, J., concurring in result and noting that the state is still required to "prove that the defendant had knowledge of the presence of the controlled substance as an element of drug-related offenses.").

9

Third, the court compounded this error by describing Williams' defense as an affirmative defense thereby creating the impression that Williams bore some burden of producing evidence in support of it, when the defense he actually raised (lack of knowledge of the presence of the substance) was not an affirmative defense but rather an element to be proved in the first instance by the State. This instruction was, therefore, not only inaccurate and misleading, it also was so confusing that it reasonably may have led the jury to conclude that these two discrete knowledge components were one and the same, and that knowledge could be presumed.[7]

Fourth, after instructing on the unraised and irrelevant lack-of-knowledge-of-illicit-nature defense, the trial court failed to give a complete and accurate instruction on that defense, omitting in its entirety, the last two paragraphs of the standard instruction, which advises the jury on the burden and standard of proof when such an affirmative defense actually is raised:

> If you are convinced beyond a reasonable doubt that (defendant) knew of the illicit nature of the controlled substance, and all of the elements of the charge have been proved, you should find [him] [her] guilty of Trafficking in Cocaine.

---

[7] One might argue that such an affirmative defense could, as a practical matter, require a defendant to concede the very defense that Williams *did* raise at trial— that he was not aware of the *presence* of the substance. To raise the affirmative defense of lack of knowledge of a substance's illicit nature, a defendant might implicitly be acknowledging that he was aware of the presence of the substance, but was not aware of its illicit nature.

If you have a reasonable doubt on the question of whether (defendant) knew of the illicit nature of the controlled substance, you should find [him] [her] not guilty of Trafficking in Cocaine.

Fla. Std. Jury Instr. (Crim.) 25.10.

Fifth and finally, the court's instruction incorrectly suggested that while knowledge of the illicit nature of a substance is not an element of trafficking, it is an element of simple possession. To the contrary, as a matter of law, simple possession is a lesser-included offense of trafficking by possession and the elements are identical, save for the weight of the substance. See, e.g., Gibbs v. State, 698 So. 2d 1206, 1209 (Fla. 1997) (stating "[w]e do not find that the quantity requirement of trafficking possession is a separate element which allows dual prosecution of both trafficking possession and simple possession arising out of the same [illegal substance]"). As a consequence, this instruction contradicted the trial court's final instructions to the jury, which correctly advised the jury that the only difference between trafficking in cocaine and simple possession of cocaine is that trafficking requires the State to prove that the substance was of a certain minimum weight.

In sum, this instruction not only misrepresented Williams' actual defense, it simultaneously eviscerated it. The instruction also was inaccurate, incomplete, misleading and confusing and cannot, under the circumstances, be viewed as harmless. See Mickens v. State 138 So. 3d 595, 596 (Fla. 2d DCA 2014)

11

(reversing because erroneous instruction eliminated the defendant's only defense); Zama v. State, 54 So. 3d 1075, 1078 (Fla. 4th DCA 2011) (reversing because a misleading response to a jury's question broadened the bases for liability); Miller v. State, 4 So. 3d 732, 733 (Fla. 1st DCA 2009) (reversing because a special instruction effectively eliminated an element of the offense the State had to prove); McWhorter v. State, 971 So. 2d 154, 157 (Fla. 4th DCA 2007) (reversing because the jury instructions misstated the law governing the defendant's sole affirmative defense); Giles v. State, 831 So. 2d 1263, 1265 (Fla. 4th DCA 2002) (when an instruction is confusing or misleading, prejudicial error occurs if the jury might reasonably have been misled).

Accordingly, we reverse Williams' conviction and remand for a new trial.