712 So.2d 1259 (1998)
Eugene McKINNON
v.
STATE of Florida, Appellee.
No. 97-2156.
District Court of Appeal of Florida, First District.
July 20, 1998.
Nancy A. Daniels, Public Defender, Laura Anstead, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Charmaine M. Millsaps, Assistant Attorney General, Tallahassee, for Appellee.
ERVIN, Judge.
Appellant, Eugene McKinnon, challenges his conviction for aggravated stalking, contending that the state failed to present a prima facie case, because at most it proved merely a violation of an injunction. We decide that the evidence was sufficient to support the charge and therefore affirm the trial court's denial of McKinnon's motion for judgment of acquittal.
After McKinnon threatened to kill his former girlfriend, Adrian Barnes, an injunction was entered on December 29, 1995, ordering McKinnon to refrain from any contact with Barnes and to stay away from her apartment complex. In early 1996, McKinnon called Barnes on the telephone, and thereafter, on October 6, 1996, he went to her apartment complex, where Barnes observed him on the playground near her apartment around 9:45 p.m. Neighbors also saw him and notified Barnes, and one saw him peering through the window of the apartment where Barnes was visiting her sister in the same complex. The evidence further showed that Barnes was weeping and upset by his presence, and that she was afraid for her safety and that of her children.
Appellant was convicted under the following provision of the stalking law, section 784.048, Florida Statutes (1995), which states:

*1260 (4) Any person who, after an injunction for protection against repeat violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person's property, knowingly, willfully, maliciously, and repeatedly follows or harasses another person commits the offense of aggravated stalking, a felony of the third degree[.]
There was no evidence that McKinnon followed Barnes, so the conviction can only be upheld if the evidence shows McKinnon harassed Barnes. Subsection (1) provides the following definitions pertinent to harassment:
(a) "Harasses" means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
(b) "Course of conduct" means a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.
Appellant fails to show that the trial court erred in denying his motion for judgment of acquittal.[1] McKinnon contends that the phone call and the visit to the apartment complex may have violated the injunction, but were otherwise isolated incidents. He argues there was no evidence that the phone call was not made for a legitimate purpose, that it was malicious, or that it caused Barnes emotional distress. The visit, as well, was not alleged or shown to have been malicious or harassing. He further claims that the two isolated incidents did not combine to constitute "a course of conduct" or "repeated harassment" intended to cause Barnes emotional distress; therefore, there was no evidence of "continuity of purpose." We cannot agree.
In our judgment, there is nothing in the language of the statute that militates against a finding of aggravated stalking based upon first a telephone call and thereafter a visit to the victim's apartment complex. Harassment consists of a series of acts directed at one person that demonstrates continuity of purpose. In contrast, a violation of an injunction requires evidence of only one prohibited act. The evidence submitted was sufficient to establish that by calling the victim and subsequently going to her apartment complex and remaining there within visual distance of her sister's apartment, where Barnes was then present, and thereafter peering into her sister's apartment, and having his appearance noted by Barnes and several neighbors, McKinnon intended to make his presence known to the victim, despite her fear of him. Under the circumstances, the two contacts can hardly be said to be accidental or innocent.
Moreover, the evidence discloses that Barnes was frightened, that McKinnon once threatened to kill her, and that the encounters greatly upset her. Harassment need only cause emotional distress; the state is not required to prove that the defendant intended to cause emotional distress. The Third District reached a similar conclusion in Pallas v. State, 636 So.2d 1358, 1361 (Fla. 3d DCA 1994), where, in analogizing the language of the aggravated stalking statute to that contained in the assault statutes, it made the following pertinent observations:
Under the assault statutes, it is settled that a "well-founded fear" is measured by a reasonable person standard, not a subjective standard. Indeed, "where the circumstances were such as to ordinarily induce fear in the mind of a reasonable man, then the victim may be found to be in fear, and actual fear need not be strictly and precisely shown." The same principle applies to the definition of "harasses" under the stalking statute; the legislature has proscribed willful, malicious, and repeated acts of harassment which are directed at a specific person, which serve no legitimate purpose, and which would cause substantial emotional distress in a reasonable person.
(Citations omitted.)
Malice can also be inferred from McKinnon's twice disregarding the injunction with *1261 which Barnes had sought to protect herself from his threat of violence.
We therefore conclude that the evidence supporting the charge of aggravated stalking was sufficient to go to the jury.
AFFIRMED.
LAWRENCE J., and SHIVERS, DOUGLASS B., Senior Judge, concur.
NOTES
[1] We find that McKinnon sufficiently preserved this issue for review. Wiggins v. State, 101 So.2d 833 (Fla. 1st DCA 1958); Harris v. State, 647 So.2d 206 (Fla. 1st DCA 1994); In the Interest of T.M.M., 560 So.2d 805 (Fla. 4th DCA 1990).