BENTON, J.
Glenn Louis Miller appeals, among other things, his conviction for aggravated stalking and the resulting five-year sentence, arguing the trial court erred when giving special jury instructions to define aggravated stalking. A special instruction the trial court added to the (then) standard instruction effectively read an element out of the statutory definition, appellant maintains, and we agree. We reverse the aggravated stalking conviction and sentence on that basis.
Mr. Miller was charged with aggravated stalking in violation of section 784.048(4), Florida Statutes (2007), which provides, in relevant part:
Any person who, after an injunction for protection against repeat violence, sexual violence, or dating violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person’s property, knowingly, willfully, maliciously, wnd, repeatedly ... harasses ... another person commits the offense of aggravated stalking, a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Id. (emphasis supplied). At issue is the trial court’s definition of “maliciously” in a case in which the prosecutor described the defendant’s conduct as “extreme niceness.”
When the learned trial court instructed the jury, he did not have the benefit of the supreme court’s subsequent elucidation (on *733 October 30, 2008) of the definition of “maliciously” in this context. At the time of Mr. Miller’s trial, the standard instruction on aggravated stalking read, in pertinent part:
To prove the crime of Aggravated Stalking, the State must prove the following three elements beyond a reasonable doubt:
1. (Defendant) knowingly, willfully, maliciously, and repeatedly ... [harassed] ... (victim).
2. At the time of the ... [harassing]
a. an injunction for protection against ... [domestic] violence had been entered against (defendant) for the benefit of (victim).
3. (Defendant) knew that the [injunction] [court-imposed prohibition of conduct] had been entered against [him]....
“Harass” means to engage in a course of conduct directed at a specific person that causes substantial emotional distress in such person and serves no legitimate purpose.
Fla. Std. Jury Instr. 8.7(b) (2007) (boldface omitted). Only after the trial was the standard instruction on aggravated stalking amended to define “ ‘[m]aliciously’ [as] wrongfully, intentionally, and without legal justification or excuse.” In re: Standard Jury Instructions in Criminal Cases — Report No. 2008-01, 995 So.2d 476, 478 (Fla. 2008).
At trial, the prosecutor requested, and the trial court gave, the following additional special instruction, despite defense counsel’s objection to any deviation from the standard jury instruction:
Malice may be inferred when a defendant disregards an injunction for protection against domestic violence!’[*]
The trial court thus instructed the jury that it could find the defendant guilty of acting maliciously even if it found only that he acted in disregard of an injunction.
The special instruction effectively eliminated the element of malice the State had the burden to prove. The statute requires more than simple disregard of an injunction. The statute does contemplate “disregard” in the sense of acting knowingly and willfully, despite a judicial prohibition, but it also contemplates “malicious” harassment. See § 784.048(4), Fla. Stat. (2007) (“knowingly, willfully, maliciously, and repeatedly ... harassing]”). Defining “maliciously” as acting merely in disregard of an injunction eradicated the need for any proof of acting “wrongfully,” apart from violating the injunction, and greatly lessened the state’s burden of proof.
We reverse the aggravated stalking conviction and sentence, remand for retrial on the aggravated stalking count under the revised standard instructions, and affirm otherwise.
WOLF and BROWNING, JJ., concur.

 This language was taken from the opinion in McKinnon v. State, 712 So.2d 1259 (Fla. 1st DCA 1998), where the only legal question was the sufficiency of the evidence to support an aggravated stalking conviction. After an injunction was entered following McKinnon's threat to kill his girlfriend, he called her on the telephone and peered into the window of her sister’s apartment, where she was visiting. In holding that the trial court did not err by denying McKinnon’s motion for judgment of acquittal, this court explained that ”[h]arassment need only cause emotional distress: the state is not required to prove that the defendant intended to cause emotional distress” and held that "[mjalice can also be inferred from McKinnon's twice disregarding the injunction with which [his girlfriend] had sought to protect herself from his threat of violence.” Id. at 1260-61.