PER CURIAM.
*225 Affirmed. See Bouters v. State, 659 So.2d 235 (Fla. 1995) (holding that the "substantial emotional distress" element of stalking requires application of an objective, reasonable-person standard); Pallas v. State, 636 So.2d 1358 (Fla. 3d DCA 1994) ; T.B. v. State, 990 So.2d 651 (Fla. 4th DCA 2008) ; D.L.D. v. State, 815 So.2d 746 (Fla. 5th DCA 2002) ; McMath v. Biernacki, 776 So.2d 1039 (Fla. 1st DCA 2001). See also McKinnon v. State, 712 So.2d 1259, 1260-61 (Fla. 1st DCA 1998) (holding that the "harassment" element of crime of stalking requires State to prove defendant's acts caused substantial emotional distress, not that defendant intended to cause substantial emotional distress); Seese v. State, 955 So.2d 1145 (Fla. 4th DCA 2007) (noting distinction between "legal malice" (wrongfully, intentionally, without legal justification or excuse) and "actual malice" (ill will, hatred, spite, or evil intent), and holding that section 784.08(4) requires proof of legal malice); Fla. Std. J. Inst. 8.7(b) (Crim.) (providing: " 'Maliciously' means wrongfully, intentionally, and without legal justification or excuse").