# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-0102
_____

CHEVEON ALONZO FORD,

 Appellant,

 v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Escambia County.
Coleman Lee Robinson, Judge.

June 19, 2024

NORDBY, J.

Cheveon Alonzo Ford challenges his conviction for aggravated stalking after an injunction, in violation of section 784.048(4), Florida Statutes (2021). A jury convicted Ford based on a series of phone calls made to G.F. within a twenty-four-hour period. The trial court sentenced Ford as a habitual felony offender to ten years' imprisonment.

On appeal, Ford argues that the trial court should have granted his motion for judgment of acquittal because the State did not introduce any evidence that he harassed G.F. as the term is defined in section 784.048, Florida Statutes. He claims that there was no evidence presented that the phone calls caused G.F. "substantial emotional distress." We agree. Because the State

failed to present a prima facie case of aggravated stalking, we reverse Ford's judgment and sentence for aggravated stalking.

I.

At trial, the State presented the testimony of five witnesses, which established these facts. In 2012, G.F. was teaching a General Educational Development Test (GED) class when Ford became her student. Soon after, G.F. obtained a permanent injunction for protection against repeat violence against Ford. This injunction prohibited Ford from having any contact with G.F.

In December 2017, Ford was incarcerated at the Blackwater River Correctional Facility. That month, within a twenty-four-hour period, G.F. received several calls from a number she determined originated from the Blackwater Facility. Other than Ford, G.F. knew no one else incarcerated at that facility. G.F. answered none of the calls, and Ford did not leave any voicemail messages. Her voicemail did record an automated message that an inmate from a correctional facility had placed the call. Based on the calls, she filed a report with law enforcement.

According to Escambia County Sheriff's Deputy Gregory Barker, G.F. was "very concerned" and "worried" following her interactions with Ford. He also recalled that G.F. wanted "something to be done" about Ford. During her testimony, G.F. did not make any statements about her emotional state following the alleged phone calls from Ford.

Following the State's presentation of the evidence, Ford's defense counsel moved for a judgment of acquittal on several grounds. He argued that the State failed to present sufficient evidence that Ford's actions caused G.F. substantial emotional distress. He argued that since the State did not introduce any evidence of substantial emotional distress, it failed to show that Ford harassed G.F. as the term is defined in section 784.048(1)(a), Florida Statutes. The trial court denied the motion, finding that there was sufficient evidence that Ford's actions caused G.F. substantial emotional distress. The jury ultimately found Ford

2

guilty of aggravated stalking after an injunction as charged in the information. This timely appeal follows.[*]

## II.

This Court reviews the denial of a motion for judgment of acquittal de novo. *Kemp v. State*, 166 So. 3d 213, 216 (Fla. 1st DCA 2015) (citing *Jones v. State*, 790 So. 2d 1194, 1196 (Fla. 1st DCA 2001)). When a defendant moves for a judgment of acquittal at trial, he "admits not only the facts stated in the evidence adduced, but also admits every conclusion favorable to the adverse party that a jury might fairly and reasonably infer from the evidence." *Lynch v. State*, 293 So. 2d 44, 45 (Fla. 1974). There is sufficient evidence to sustain a conviction "[i]f, after viewing the evidence in the light most favorable to the State, a rational trier of fact could find the existence of the elements of the crime beyond a reasonable doubt." *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002) (citing *Banks v. State*, 732 So. 2d 1065 (Fla. 1999)).

The trial court determined that Ford violated section 784.048(4), Florida Statutes:

> A person who, after an injunction for protection against repeat violence, sexual violence, or dating violence pursuant to s. 784.046, or an injunction for protection against domestic violence pursuant to s. 741.30, or after any other court-imposed prohibition of conduct toward the subject person or that person's property, knowingly, willfully, maliciously, and repeatedly follows, harasses, or cyberstalks another person commits the offense of aggravated stalking, a felony of the third degree.

§ 784.048(4), Fla. Stat. (2021). To convict Ford of aggravated stalking, the State had to prove three elements: (1) Ford knowingly, willfully, maliciously, and repeatedly harassed or cyberstalked the victim; (2) at the time of the harassment or

---

[*] Since we reverse the trial court's denial of Ford's motion for judgment of acquittal, we decline to reach the other issues raised on appeal.

3

cyberstalking, an injunction had been entered against Ford; and (3) Ford knew that the injunction had been entered. *Miller v. State*, 4 So. 3d 732, 733 (Fla. 1st DCA 2009) (citing Fla. Std. Jury Instr. 8.7(b) (2007)).

Ford argues (as he did below) that the State did not prove the first element—that he harassed G.F. Harassment means to "engage in a course of conduct directed at a specific person which causes substantial emotional distress to that person and serves no legitimate purpose." § 784.048(1)(a), Fla. Stat. Therefore, the State must prove "substantial emotional distress" to present a prima facie case of aggravated stalking. Ford argues that the trial court erred in denying his motion for judgment of acquittal because there was no evidence presented at trial to establish that G.F. suffered "substantial emotional distress."

III.

The Legislature did not define "substantial emotional distress" in Chapter 784. But this Court has set out some guideposts as to what the phrase means. First, a reasonable person standard applies in assessing "substantial emotional distress" under the aggravated stalking statute: "[W]here the circumstances were such as to ordinarily induce fear in the mind of a reasonable man, then the victim may be found to be in fear, and actual fear need not be strictly and precisely shown." *McKinnon v. State*, 712 So. 2d 1259, 1260 (Fla. 1st DCA 1998) (quoting *Pallas v. State*, 636 So. 2d 1358, 1361 (Fla. 3d DCA 1994)). In other words, to present a prima facie case of aggravated stalking, the State was not required to show that G.F. herself feared Ford's actions, but only that a reasonable person would have been in fear.

Second, to be substantial, the emotional distress must be "greater than just an ordinary feeling of distress." *Shannon v. Smith*, 278 So. 3d 173, 175 (Fla. 1st DCA 2019) (citing *Venn v. Fowlkes*, 257 So. 3d 622, 624 (Fla. 1st DCA 2018)). As one federal court has put it, "[u]nder Florida law, a reasonable person does not suffer substantial emotional distress easily." *Burroughs v. Corey*, 92 F. Supp. 3d 1201, 1205 (M.D. Fla. 2015), *aff'd*, 647 Fed. Appx. 967 (11th Cir. 2016).

4

Finally, this Court has addressed when evidence was sufficient to go to a jury for the instant offense. *Libersat v. State*, 305 So. 3d 766, 767–68 (Fla. 1st DCA 2020); *see also McKinnon*, 712 So. 2d at 1259. In *Libersat*, this Court upheld a conviction for aggravated stalking when the defendant, on parole for recently stalking his ex-wife, violated an injunction by "searching for and spying on" her. 305 So. 3d at 768. This Court concluded:

> a reasonable person in [the victim's] position would feel substantial emotional distress upon learning that her victimizer had (a) driven by her house late at night in violation of the injunction, (b) driven by her place of employment several times in violation of the injunction, (c) driven by her father's house, (d) driven by her child's school, (e) repeatedly searched for her on Facebook using fake identities and sent pictures captured from her Facebook account to third parties, and (f) asked a third party to drive by her house and take pictures.

*Id.* at 771.

Similarly, in *McKinnon*, this Court found that a judgment of acquittal was not appropriate where the evidence showed that the defendant violated an injunction by calling his ex-girlfriend, visiting her apartment complex, and peering through an apartment window where she was visiting. 712 So. 2d at 1259. "Moreover, the evidence disclose[d] that [the victim] was frightened, that McKinnon once threatened to kill her, and that the encounters greatly upset her." *Id.* at 1260. In both cases, the State presented evidence that the defendants' actions would cause a reasonable person "substantial emotional distress." *Libersat*, 305 So. 3d at 771; *McKinnon*, 712 So. 2d at 1260.

Viewing the evidence in a light most favorable to the State, we conclude the State did not present sufficient evidence of "substantial emotional distress." While Ford may have violated the injunction by contacting G.F., that is not enough to establish aggravated stalking under section 784.048(4). To prove this offense, there must be some evidence that Ford harassed G.F.—that his actions would have caused a reasonable person "substantial emotional distress." *See* § 748.048(1)(a), Fla. Stat.

5

The State relies on Deputy Barker's testimony that G.F. was "concerned" and "worried." We question whether Deputy Barker's brief, general statement about G.F.'s apparent demeanor could constitute sufficient evidence of "substantial emotional distress." This testimony provided no evidence other than a third party's general, conclusory belief that G.F. was "concerned" and "worried." To establish "substantial emotional distress" under section 784.048, the State must present more evidence than just a third party's subjective belief about the victim's state of mind. *See Brennan v. Syfrett*, 369 So. 3d 320, 324 (Fla. 1st DCA 2023) ("[T]he statute requires that the alleged conduct must cause 'substantial emotional distress' in a reasonable person, not a subjective assertion of such distress[.]" (citing *Bouters v. State*, 659 So. 2d 235, 238 (Fla. 1995))). Even if Deputy Barker's statement were competent evidence, however, concern and worry are not "substantial emotional distress." *See Shannon*, 278 So. at 175 (citing *David v. Textor*, 189 So. 3d 871, 875 (Fla. 4th DCA 2016)). Because the State failed to present sufficient evidence on this point, the trial court erred in denying Ford's request for a judgment of acquittal.

The State argues there was sufficient evidence to overcome the motion for judgment of acquittal given the context of the existing injunction and the "long history" between Ford and G.F. Yet, during its case in chief, the State introduced only barebones evidence of that history—specifically, they met in 2012 and G.F. quickly obtained an injunction against Ford. There was no evidence about what led to the protective injunction.

To be fair, testimony at sentencing revealed the rest the story. Ford has a documented foot fetish and an extensive history of calling 911 to ask female dispatch officers about their feet. He eventually racked up over one hundred and eighty misdemeanor convictions, mostly related to 911 misuse. While serving time for those offenses, Ford enrolled in a prison GED class taught by G.F. But their time as student and teacher was fleeting. Ford quickly began to fixate on G.F. and her feet, so she obtained a permanent injunction against him. Ford promptly violated the injunction in 2012, and again in 2016. G.F. testified at sentencing that Ford's unwanted contact with her had been continuous for almost a

6

decade. At some point around 2013, he sent her a threatening letter indicating that he planned to come to her house. Given this history, G.F. urged the trial court to impose an incarcerative sentence rather than the more lenient probationary sentence requested by the defense.

Such background information would have gone a long way toward satisfying the State's burden to establish that Ford's series of phone calls would have caused a reasonable person "substantial emotional distress." Yet none of this was presented during the State's case to the jury, and we cannot look to it to bolster the State's arguments on appeal.

The lack of evidence before the jury here contrasts with the evidence we found sufficient in both *Libersat* and *McKinnon*. In those cases, the State presented not only evidence of the past relationships between the defendants and their victims but also evidence of the violent or otherwise threatening behavior that led to the injunctions. *Libersat*, 305 So. 3d at 768; *McKinnon*, 712 So. 2d at 1259. Such evidence showed that a reasonable person would suffer substantial emotional distress given the facts in those cases.

Because the State failed to prove harassment and establish a prima facie case of aggravated stalking, the trial court erred in denying Ford's motion for judgment of acquittal. We thus reverse Ford's judgment and sentence for aggravated stalking.

REVERSED and REMANDED.

BILBREY and TANENBAUM, JJ., concur.

––––––––––––––––––––––––––

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

––––––––––––––––––––––––––

Jessica J. Yeary, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, and Daren L. Shippy, Assistant Attorney General, Tallahassee, for Appellee.